UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PROSPECT HAIR LLC,

                              Plaintiff,

   -against-

HAIRCRAFT BY PAUL AND BEN INC., NG YUK-PO, TAIHUI SHIB, and SARAH YUK MEI NG,

                              Defendants.
------------------------------------------------------------------X

**Case No.: 1:25-cv-1884**

**COMPLAINT**

Plaintiff PROSPECT HAIR, LLC ("Prospect Hair"), by its attorneys Sage Legal LLC as and for its Complaint against Defendants HAIRCRAFT BY PAUL AND BEN INC., NG YUK-PO, TAIHUI SHIB, and SARAH YUK MEI NG., ("Haircraft", "Paul", "Ben" and "Sara", respectively; collectively "Defendants"), hereby alleges upon information and belief as follows:

## NATURE OF THE CASE

1.  This is an action for damages and injunctive relief related to Defendants' misappropriation of Plaintiff's confidential information and trade secrets resulting in Defendants': (i) violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 ("DTSA"); (ii) misappropriation of trade secrets under New York common law; (iii) unfair competition under New York common law; (iv) tortious interference with contractual relations, business relations, and prospective economic advantage; (v) unjust enrichment; (vi) civil conspiracy; (vii) conversion; and (viii) violation of the faithless servant doctrine.

2.  Over the course of five (5) years, Defendants conspired to steal and did steal Plaintiff's customer list to open their own competing hair salon a few blocks away from Plaintiff.

3.  Defendants' scheme to build their hair salon using Plaintiff's customer lists was successful, damaged Plaintiff, and thus Defendants must pay for the harm they have caused.

## PARTIES

4. Prospect Hair was at all times relevant and remains a New York limited liability with its principal place of business at 283 Flatbush Avenue, Brooklyn, NY 11217.

5. Haircraft is a New York corporation with its principal place of business located at 93 5th Avenue, Brooklyn, NY 11217.

6. Upon information and belief, NG YUK-PO ("Paul") is an individual residing in 2025 Homecrest Avenue, Brooklyn, NY 11229.

7. Upon information and belief, TAIHUI SHIB ("Ben") is an individual residing in 3090 Vorhies Avenue, Apartment 6G, Brooklyn, NY 11235.

8. Upon information and belief, SARAH YUK MEI NG ("Sarah") is an individual residing in 2344 East 13th Street, Brooklyn, NY 11229.

9. Upon information and belief, Paul is a shareholder, owner, and /or member of Haircraft.

10. Upon information and belief, Ben is a shareholder, owner, and/or member of Haircraft.

11. Upon information and belief, Sara is a shareholder, owner, and/or member of Haircraft.

12. As set forth herein, Paul, Ben and Sara knowingly engaged in illegal conduct related to opening, building, and sustaining Haircraft's business and willingly, voluntarily, and knowingly joined in each other's wrongful conduct.

## JURISDICTION AND VENUE

13. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 given that Plaintiff pursues claims under the DTSA, a federal law.

14. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims against Defendants because they are part of the same case or controversy and arise under a common nucleus of operative facts.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## FACTS

16. Prospect Hair is a hair salon that was founded by Johnny Ilyaich ("Johnny").

17. Prospect Hair took great pride and developed a reputation for providing excellent customer service, skilled barbers, and careful attention to the art of cutting and styling hair.

18. Johnny came up with the concept, business plan and strategy, as well as the customer relations strategies and started Prospect Hair from scratch.

19. Johnny built a customer list through their long-lasting relationships, friendships, and business model.

20. These relationships took years to build, and it took time for Prospect Hair to grow as a business and achieve the success and reputation it has today.

21. The customer list that was created and used by Prospect Hair is confidential and proprietary, and took great costs and efforts to create.

22. Prospect Hair's carefully curated customer preferences and customer relations are vital to its business; possession of that years-long developed and curated information provides Prospect Hair a unique competitive advantage in the barbering industry.

23. The customer list was kept in a physical book ("Book").

24. The Book contained customer names and contact information.

25. When a customer walked in or made an appointment, that customer's information was recorded in the Book.

26. The Book was stored in the hair salon behind the register which is inaccessible to the public.

27. Paul joined Prospect Hair in 2017, as a manager and a barber.

28. Prior to joining Prospect Hair, Paul was employed at a hair salon approximately three blocks away from Prospect Hair.

29. Prior to joining Prospect Hair, Paul gloated that he had his own book of business, which he also kept in a physical book, that he promised to bring to Prospect Hair.

30. Ben and Sara joined Prospect Hair shortly thereafter Paul as barbers.

31. Only Johnny had access to the Book, which was hidden.

32. Paul was allowed to access to the book based on his position at Prospect Hair, by virtue of which he was held to a high level of trust and confidence with its trade secrets.

33. Indeed, Prospect Hair took reasonable measures to keep the Book and the information therein secret, including restricting access to only those who are in managerial positions and who are required to maintain confidentiality of the documents.

34. This information derives independent economic value from not being generally known to, and not being readily ascertainable through proper means from others who could otherwise obtain economic value from the disclosure or use of the information.

35. This information is related to services used in and intended for use in interstate or foreign commerce because Prospect Hair's customers include those residing outside the state of New York in the regular course of its business, including from the state of New Jersey.

4

36. Paul was in a position of trust at Prospect Hair and was required, as President of Prospect Hair, to provide his utmost duty of loyalty to his employer, Prospect Hair.

37. However, from 2017 through and including January 2023, Paul accepted walk-ins and placed them into his own book rather than Prospect Hair's book.

38. Over the course of his employment at Prospect Hair, Paul used Prospect Hair's Book to build his own book of business.

39. On or about January 1, 2023, Paul left Prospect Hair; Ben and Sara left with Paul.

40. Ben and Sara knew that Paul built a book of business using Prospect Hair's Book.

41. Paul, Ben, and Sara left Prospect Hair to start their own hair salon – Haircraft.

42. On or about January 8, 2023, Paul, Ben and Sara sent text messages to Prospect Hair's customers notifying them that Haircraft is in business.

43. The contact information for the customers who received the text messages from Paul, Ben, and Sara were exclusively Prospect Hair's customers and their information was taken by Paul from the Book.

44. That Defendants sent text messages to Plaintiff's clients was jarring even to Plaintiff's customers:[1]



45. The Book was kept under lock and key.

---

[1] https://www.reddit.com/r/Brooklyn/comments/15xn4v1/comment/jx7u57a/

5

46. As a result, these acts are in violation of the individual defendants' fiduciary duty, and Defendants' actions constitute, among other things, theft of trade secrets and unfair competition.

47. Moreover, Ben and Sara knew and had reason to know that the trade secrets and confidential information they obtained from Paul were acquired by improper means.

48. The unauthorized taking by Defendants of the information in Prospect Hair's Book to provided critical information to a Defendants to open and operate a competitor entity that would have no other way to obtain such information.

49. Plaintiff's trade secrets and confidential information that Defendants took for themselves provided Defendants with the ability to take the information Prospect Hair spent years establishing; meanwhile, Defendants gained access to information that they would have no other way of obtaining.

50. No permission was given to Defendants to have access to any of Plaintiff's customer lists, financial information, and details about Prospect Hair's customers.

51. It is obvious from Defendants' brazen tactics that they are actively engaged in a scheme to plunder and destroy Prospect Hair.

52. A significant number of customers have been solicited by Defendants using Plaintiff's trade secrets and confidential information inappropriately acquired by the Defendants.

### AS AND FOR ITS FIRST CAUSE OF ACTION
**(Violation of Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836)**

53. Prospect Hair incorporates by reference each of the foregoing allegations as though fully set forth herein.

54. Defendants' actions, as set forth herein, constitute misappropriation under the DTSA, 18 U.S.C. § 1836.

55. Defendants possess trade secrets and confidential information belonging to Plaintiff, including the identity of all of its customers, their contact information, and all details related to customers, including *inter alia*, the information in the Book.

56. Prospect Hair made and makes reasonable efforts to maintain the secrecy of this information including limiting its disclosure to Paul, its manager, and Johnny, each of whom are entrusted to act in the best interests of Prospect Hair.

57. Defendants were prohibited by law from obtaining confidential information and trade secrets of Prospect Hair.

58. The trade secret information belonging to Plaintiff that Defendants possess derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

59. Indeed, Defendants utilized this very information to open and operate a competing business and unfairly competed against Prospect Hair in dastardly fashion.

60. Defendants knew that this information contained trade secrets belonging to Prospect Hair.

61. Defendants have no right to retain or use any of Prospect Hair's trade secrets or other confidential and proprietary information due to their illegal conduct.

62. Defendants are retaining and using that information to compete with Prospect Hair.

63. Prospect Hair did not consent to Defendants' use of the information as set forth above.

64. At all relevant times, Defendants knew that the information provided to them by Paul contained Plaintiff's proprietary trade secrets that they had no right to receive and could not receive absent the improper acts of Paul. Defendants' conduct thus constitutes knowing, willful, and malicious misappropriation.

65. Defendants have used Plaintiff's trade secrets to sell, through interstate commerce, services that compete with the services that Plaintiff markets, causing substantial loss of sales to Plaintiff and damage to its relationships with its clients.

66. Defendants have wrongfully acquired and used Plaintiff's trade secrets and continue to do so, without the express or implied consent of Plaintiff, for Defendants' own benefit and the benefit of others.

67. The public policy in favor of protecting Plaintiff's interest in maintaining its trade secrets outweighs any interest Defendants could have in using Plaintiff's trade secrets.

68. As a direct and proximate result of Defendants' misappropriation of Plaintiff's trade secrets, Plaintiff has suffered and continues to suffer immediate and irreparable injury, loss, harm or damage including, without limitation, the misappropriation of its trade secrets and loss of its brand recognition and goodwill with its clients, and will continue to suffer said injury, loss, harm or damage unless and until Defendants are restrained from their continued misappropriation of trade secrets.

## AS AND FOR A SECOND CAUSE OF ACTION
**Injunctive Relief under the DTSA (18 U.S.C. § 1836, *et seq.*)**

69. Prospect Hair incorporates by reference each of the foregoing allegations as though fully set forth herein.

70. Prospect Hair operates its business in interstate commerce by serving customers from New Jersey.

71. The trade secrets misappropriated by Defendants are related to, and intended for use in, interstate commerce, as Defendants seek to franchise the business they stole from Plaintiff.

72. As set forth above, Defendants improperly acquired Plaintiff's trade secrets, including information regarding Plaintiff's business, operations, services, clients (including annual revenue from particular clients, and client preferences), pricing, sales and marketing strategies, and other confidential business and/or financial information that was secret, valuable in the industry, and had not been disclosed to anyone except Johnny and Paul.

73. The aforementioned documents qualify as "trade secrets" under the DTSA, as defined in 18 U.S.C. § 1839(3).

74. The misappropriated documents concerned Plaintiff's operations, services, clients, plans, methods, techniques, procedures, formulas and processes.

75. Furthermore, Plaintiff has taken reasonable measures to keep such information secret by, among other things, limiting access to such information as described above.

76. The trade secrets misappropriated by Defendants include the trade secrets which required substantial resources, time and investment by Plaintiff to create and/or develop, and derive independent economic value from not being generally known to, or readily ascertainably by, those who can obtain economic value from use of this information, such as Plaintiff's competitors.

77. Defendants' misappropriation of Plaintiff's trade secrets has caused it to suffer harm, including but not limited to the loss of clients, loss of reputation and customer goodwill, and loss of the confidentiality of, and investment in, its trade secrets.

78. This harm cannot be adequately remedied at law and requires permanent injunctive relief.

79. Plaintiff will suffer irreparable and imminent harm in the absence of a permanent injunction; Defendants' continued misappropriation of Plaintiff's trade secrets will cause Plaintiff further loss of clients, customers, accounts and/or market share.

80. This imminent injury is neither remote nor speculative, because Plaintiff has already been harmed in precisely this manner by Defendants' misappropriation and use thereof, and will continue to be irreparably harmed in the absence of a permanent injunction.

81. Defendants will not suffer harm from the rightful return of Plaintiff's proprietary information and trade secrets, and will not be prevented from conducting their ordinary business.

82. Defendants will merely be prevented from continuing to gain an unfair and unlawful advantage at Plaintiff's expense. The ongoing, continuing and future harm to Plaintiff cannot be adequately remedied at law and requires permanent injunctive relief.

83. The public interest would not be disserved by the issuance of an injunction preventing Defendants from misappropriating Plaintiff's Trade Secrets.

84. Accordingly, Plaintiff is entitled to an injunction, pursuant to 18 U.S.C. 1836(b)(3)(A), enjoining Defendants from continuing to use Plaintiff's trade secrets, in order to prevent continued actual and threatened misappropriation of Plaintiff's trade secrets, and requiring Defendants to return and/or destroy the trade secrets improperly accessed and retained by Defendants, pursuant to 18 U.S.C. 1836(b)(3)(A)(ii).

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Misappropriation)**

85. Prospect Hair incorporates by reference each of the foregoing allegations as though fully set forth herein.

86. Defendants' actions, as set forth herein, constitutes misappropriation under New York law.

87. Defendants currently possess information belonging to and used in the operation of Prospect Hair's business, which information constitutes confidential, proprietary and trade secret information under New York law.

88. Such information was developed by Prospect Hair through great effort and expense, and is extremely valuable to Prospect Hair, as it is crucial to the operation of its business, cannot be easily acquired or duplicated by others, and, if made available to others, would enable them to compete with Prospect Hair to Prospect Hair's detriment.

89. Prospect Hair makes reasonable efforts to maintain the secrecy of this information including limiting its disclosure to those described above.

90. Upon information and belief, Defendants knowingly and improperly copied the client list in Plaintiff's Book to obtain and use such trade secrets and confidential information.

91. The improperly retained information constitutes trade secrets and Defendants' actions pose a real and actualized risk that they will and have misappropriated these secrets by using the information to their advantage or for their own personal economic gain and with the willful and malicious intent to injure Prospect Hair's business.

92. As a result, Prospect Hair has suffered direct and consequential damages, and is entitled to recover compensatory damages, including opportunity costs and punitive damages in anamount to be proven at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Unfair Competition)

93. Prospect Hair incorporates by reference each of the foregoing allegations as though fully set forth herein.

94. As a result of Defendants' obtaining confidential trade secrets, Defendants have stolen customers from Prospect Hair.

95. As a result of Defendants' use of the trade secrets, Defendants have caused economic damages to Prospect Hair along with diminishing its goodwill.

## AS AND FOR A FIFTH CAUSE OF ACTION
**(Tortious Interference)**

96. Prospect Hair incorporates by reference each of the foregoing allegations as though fully set forth herein.

97. Plaintiff has entered into valid agreements with its clients and customers concerning the provision of salon services.

98. Through their thievery of the Book, Defendants were at all relevant times aware of these agreements between Plaintiff and its customers.

99. Defendants knew that it was illegal to engage in theft to obtain Plaintiff's confidential information and trade secrets.

100. Defendants' conduct has caused Plaintiff to lose sales as well as cause injury to Plaintiff's brand and reputation with its clients, as recognized by members of the public.

101. As a consequence of Defendants' acts to steal clients of Prospect Hair, Prospect Hair has been injured, for which it is entitled to recover damages including but not limited to financial loss, loss of good will and reputation, compensatory and special damages, interest and punitive damages in an amount as the proof at a trial may warrant that were directly caused by Defendants' misconduct.

102. Defendants' conduct was intentional, willful, and malicious, thus justifying the award of punitive damages and/or exemplary damages.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(Unjust Enrichment)**

103.   Prospect Hair incorporates by reference each of the foregoing allegations as though fully set forth herein.

104.   Plaintiff has invested substantial time, money, and effort into developing and maintaining its confidential information and trade secrets in building and maintaining the Book.

105.   Defendants have used and continue to use Plaintiff's confidential information to compete with Plaintiff and funnel Plaintiff's business opportunities away from Plaintiff to Defendants.

106.   As a result of Defendants' use of Plaintiff's confidential information and trade secrets, Defendants have all been enriched at Plaintiff's expense by, among other things, receiving substantial revenues from sales of services that compete with Plaintiff's services without bearing the expense and risk of identifying the services and developing the clients, customers, marketing plans, and materials necessary to achieve the sales.

107.   As a consequence of Defendants' acts to steal customers of Prospect Hair, Prospect Hair has been injured, for which it is entitled to recover damages including but not limited to financial loss, loss of good will and reputation, compensatory and special damages, interest and punitive damages in an amount as the proof at a trial may warrant that were directly caused by Defendants' misconduct.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
**(Civil Conspiracy)**

108.   Prospect Hair incorporates by reference each of the foregoing allegations as though fully set forth herein.

13

109. Defendants conspired with each other for an unlawful purpose, to wit: obtaining Plaintiff's confidential information and developing a business to compete with Plaintiff using Plaintiff's confidential information obtained by the illegal act of bribery.

110. Defendants have entered into a civil conspiracy to engage in, *inter alia*, misappropriation, unfair competition, unjust enrichment, and tortious interference with contract.

111. Defendants each agreed to this common goal.

112. Defendants acted in concert with the specific object of harming Plaintiff for their own personal gain.

113. Each Defendant performed an overt act in furtherance of the conspiracy.

114. The unlawful conduct alleged herein, including acts directed into the State of New York, were committed in furtherance of that conspiracy.

115. As a result of the Defendants' combined, concerted, and continued efforts, Plaintiff was, is, and continues to be damaged.

116. As a consequence of Defendants' acts to steal customers of Prospect Hair, Prospect Hair has been injured, for which it is entitled to recover damages including but not limited to financial loss, loss of good will and reputation, compensatory and special damages, interest and punitive damages in an amount as the proof at a trial may warrant that were directly caused by Defendants' misconduct.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
**(Conversion)**

117. Prospect Hair incorporates by reference each of the foregoing allegations as though fully set forth herein.

118. Plaintiff has a possessory right and legal ownership to the confidential information and trade secrets referenced herein.

119. Defendants exercised unauthorized dominion over Plaintiff's confidential information and trade secrets.

120. Defendants willfully exercised unauthorized dominion over Plaintiff's confidential information and trade secrets to the detriment of Plaintiff.

121. Defendants' unauthorized dominion over Plaintiff's confidential information and trade secrets was and is to the exclusion of Plaintiff's rights.

122. Defendants' unauthorized dominion over Plaintiff's confidential information and trade secrets constitutes conversion.

123. Defendants have thus committed the tort of conversion under New York common law.

**AS AND FOR A NINTH CAUSE OF ACTION**
**(Violation of the Faithless Servant Doctrine)**

124. Prospect Hair incorporates by reference each of the foregoing allegations as though fully set forth herein.

125. Defendants were employed by Prospect Hair in positions of trust and confidence.

126. As employees of Prospect Hair, Defendants owed Prospect Hair a duty of loyalty, honesty and fidelity. By virtue of these duties, Defendants were prohibited from acting in a disloyal manner, or in any way inconsistent with that trust relationship.

127. Pursuant to the faithless servant doctrine, Defendants were obligated to be loyal to Prospect Hair and were prohibited from acting in a manner inconsistent with their agency or trust and were bound to exercise the utmost good faith and loyalty in the performance of their duties.

128. Defendants' aforesaid conduct, including but not limited to misappropriating the contents of the Book, which constitutes Prospect Hair's trade secrets, to operate a competing business and poaching Prospect Hair's customers constitutes conduct rising to the level of a cause of action pursuant to the faithless servant doctrine.

129. Defendants' activities were related to the performance of their duties.

130. Defendants' disloyalty permeated their services in its most material and substantial part.

131. As a consequence of Defendants' conduct, which constitutes a cause of action pursuant to the faithless servant doctrine, Prospect Hair has been injured, which it is entitled to recover damages including but not limited to the return of wages, bonuses and other compensation paid to Defendants, financial loss, loss of good will and reputation, compensatory and special damages, interest and punitive damages in an amount as the proof at a trial may warrant.

## **DEMAND FOR JURY TRIAL**

132. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Prospect Hair hereby demands a trial by jury on all issues so triable in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment in its favor as against Defendants as follows:

a. Compensatory damages for misappropriation of Prospect Hair's goodwill, misappropriation and unfair competition, violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, tortious interference with contract, business relations, and prospective economic advantage, unjust enrichment, civil conspiracy, and under the faithless servant doctrine according to proof at trial, including but not limited to, lost profits, disgorgement of all profits and revenues received by Defendants, and – to the extent calculable – damages for reputational damage, lost customers, lost relationships, lost revenue, loss of goodwill, corrective advertising, disgorgement of wages, bonuses, and all other available damages;

b. Injunctive relief restraining and enjoining Defendants from further violations of the DTSA, including the use of confidential information or trade secrets of Plaintiff, and unfairly competing with Plaintiff in any manner;

c. Ordering that Defendants return all of Prospect Hair's confidential and proprietary information, including a forensic examination of all of Defendants' computing devices, cellular phones, and cloud storage sites;

d. Permanently shuttering Haircraft and prohibiting the individual defendants or their agents from engaging in any similar business, whether directly or indirectly;

e. Punitive and exemplary damages in an amount to be determined at trial in this case;

f. Interest (pre-judgment & post-judgment);

g. Equitable relief in the form of the imposition of an injunction, constructive trust, accounting, and a disgorgement of profits, wages, bonuses, and other compensation and benefits received by reason of the unlawful conduct complained of herein;

      h.    Enjoining Defendants from operating their business by virtue of their illegal conduct;

      i.    Ordering that Defendants pay the costs of suit, including attorneys' fees; and

      j.    Such other and further relief as this Court deems just, equitable, and proper.

Dated: Jamaica, New York
       April 6, 2025

                                     Respectfully submitted,

                                     **SAGE LEGAL LLC**

                                   */s/ Emanuel Kataev, Esq.*
                                   Emanuel Kataev, Esq.
                                   18211 Jamaica Avenue
                                   Jamaica, NY 11423-2327
                                   (718) 412-2421 (office)
                                   (917) 807-7819 (cellular)
                                   (718) 489-4155 (facsimile)
                                   emanuel@sagelegal.nyc

                                   *Attorneys for Plaintiff*
                                   *Prospect Hair, LLC*