# THE LUCCIOLA LAW GROUP, PC
## 55 Broadway, 23rd Floor
## New York, New York 10006
## (212)482-4400

August 14, 2025

Lara K. Eshkenazi, Magistrate Judge
United States District Court
Eastern District of New York

Re:    *Prospect Hair LLC v. Haircraft by Paul and Ben, Inc., et. al.*
         *Case No.: 1:25-cv-1884*

Dear Judge Eshkenazi:

This office represents Defendants Haircraft by Paul and Ben, Inc., Ng Yuk-Po, Taihui Shib, and Sarah Yuk Mei Ng (hereinafter "Defendants"). Defendants respectfully request a pre-motion conference in anticipation of its motion to dismiss (hereinafter "Motion") pursuant to Rule 12(b) and USC 1331 of the Federal Rules of Civil Procedure.

Plaintiff's Complaint alleges nine (9) causes of action against the Defendants herein, including: (i) violation of the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836 ("DTSA"); (ii) misappropriation of trade secrets under NY common law; (iii) unfair competition under NY common law; (iv) tortious interference with contractual relations, business relations, and prospective economic advantage; (v) unjust enrichment; (vi) civil conspiracy; (vii) conversion; and (viii) violation of the faithless servant doctrine. See ECF Docket Entry 1 at 1, ¶ 1. A full and fair reading of the Complaint reveals that the allegations therein are not sufficient to state a claim for any of the aforesaid causes of action and require dismissal.

The Complaint fails to sufficiently state a claim for misappropriation under the DTSA because it fails to allege Plaintiff possessed a trade secret or that the Defendants used the trade secret "in breach of an agreement, confidence, or duty, or as a result of discovery by improper means." Integrated Cash, Inc. v. Digital Transactions, Inc., 920 F .2d 171, 173 (2d Cir. 1990).

The trade secret is a "customer book." Despite alleging that "only Johnny had access to the Book," Plaintiffs admit in their Complaint that at least one Defendant "was allowed to access to the book" and therefore cannot satisfy the "improper means" requirement.  See ECF Docket Entry 1 at 4, ¶ 31-32. Zurich Am. Life Ins. Co. v. Nagel, 20-cv-11091, 2021 U.S. Dist. LEXIS 89781 (S.D.N.Y. May 11, 2021) (denying trade secret protection because "defendant had authorized access to the information at the time he obtained"). Moreover, the information recorded in the alleged book was available to all salon employees present when customers came or called in.

The complaint fails to "precisely identify the trade secrets" allegedly misappropriated. Schroeder v. Cohen, 169 A.D.3d 412, 412–13 (1st Dept. 2019). Plaintiff provides only a vague description of the alleged trade secret: a "physical book" "containing customer names and contact information," which was written by unidentified person(s) "when  customers walked in or made an appointment." See ECF Docket Entry 1 at 3-4, ¶ 23-25. Big Vision Priv. Ltd. v. E.I. DuPont De Nemours & Co., 1 F. Supp. 3d 224, 257 (S.D.N.Y. 2014) (noting that "specificity" is "essential" since defendant must know what the trade secret to avoid infringing upon it and to defend itself).

Even if the trade secret was sufficiently identified, the book and information contained therein, would not qualify as a trade secret because Plaintiffs failed to take "reasonable measures" to establish and/or maintain its secrecy. 18 U.S.C.1839(3). Greenblatt v. Prescription

Plan Svc Corp., 783 F.Supp. 814, 826 (S.D.N.Y. 1992) (holding that if the owner of a trade secret fails to take reasonable precautions to protect the information, the information loses the protection of trade secret law). See e.g., Inv. Sci., LLC v. Oath Holdings, No. 20-cv-8159 2021 WL 3541152, at *3 (S.D.N.Y. 2021) (holding "reasonable measures" include "confidentiality agreements, password-protection, sharing…only on a need-to-know basis, emphasizing the need [for confidentiality]. . . frequently reminding employees of need to maintain confidentiality").

Additionally, the alleged book cannot qualify as a trade secret because the information in the book is not a secret and therefore cannot meet the "independent economic value" requirement for trade secret protection; but rather, is readily ascertainable and available online or through local advertising. 18 U.S.C.1839(3). Big Vision Private Ltd. v. E.I. Dupont De Nemours & Co., 1 F. Supp. 3d at 270 (internal quotation marks and citation omitted) ("It is … well-established that information that is public knowledge or that is generally known in an industry cannot be a trade secret, including information that is available in publications"); Kadant, Inc. v. Seeley Mach., Inc., 244 F.Supp.2d 19, 36 (N.D.N.Y. 2003)(denying trade secret protection to contact information where customer companies' general contact information was readily available and "follow-up questions to the company in general would reveal the specific names, e-mail addresses, or phone numbers of individuals involved in the purchasing process").

The Complaint is also insufficient because fails to allege that Plaintiff made reasonable efforts to maintain secrecy. The complaint fails to sufficiently allege that Plaintiff gave Defendants sufficient notice of the proprietary nature of the alleged book, expectation of privacy, restrictions on employee access to the book, or otherwise communicated to Defendants that Plaintiff considered the information in the alleged book a trade secret.

Nor does Plaintiff allege that any Defendants signed or are otherwise bound by a confidentiality, non-compete, non-disclosure or other agreement, Art & Cook, Inc. v. Haber, No. 17-cv-1634, 2017 U.S. Dist. LEXIS 164366 (E.D.N.Y. Oct 3, 2017) (holding that, despite the "password protected computers and internet security," the alleged trade secret information "was not sufficiently maintained as a secret" on the grounds that defendant-employees were provided access to the information, despite not having signed any non-disclosure or similar agreement);

Based on the foregoing, Plaintiff's cause of action under the DTSA must be dismissed. The dismissal of the DTSA claim requires dismissal of the remaining causes of action for lack of jurisdiction. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (noting that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims").

Once the "federal question" statute is eliminated, the Court no longer has subject matter jurisdiction. The remaining state law claims should be dismissed under prevailing case law. Alternatively, these claims can be dismissed without prejudice and recommenced in state court.

Alternatively, dismissal of Plaintiff's state law claims is required because the allegations in the Complaint are insufficient to state a claim for the causes of action asserted therein.

The Complaint fails to state a claim for common law misappropriation for the same reasons that it fails under the DTSA. See, Zirvi v. Flatley, 433 F. Supp. 3d 448, 464 n.11 (S.D.N.Y); Iacovacci v. Brevet Holdings, LLC, 437 F. Supp. 3d 367, 380 (S.D.N.Y. 2020).

Plaintiff's cause of action for unfair competition also requires dismissal based on the absence of the rule that "in the absence of a covenant not to compete, an employee may form a business that competes with the former employer's business unless the former employee uses the former employer's trade secrets or employs fraudulent methods to compete." NCN Co., Inc. v.

Cavanagh, 215 AD2d 737 (2nd Dept.1995);  Walter Karl Inc. v. Wood, 137 AD2d 22 (2nd Dept. 1988); Support Systems Assocs., Inc., v. Tavolacci, 135AD2d 704 (2nd Dept. 1987).

Similarly, Plaintiff's claim for tortious interference must be dismissed because Plaintiff will not be able to establish the required "intent" in light of the allegation that Defendants retained and used the alleged customer list to open a competing business- thereby admitting that Defendants were motivated by their own self-interest. Shared Commc'ns Servs. of ESR, Inc. v. Goldman Sachs & Co., 23 A.D.3d 162, 163 (1st Dept. 2005) (holding that to state a cause of action for tortious interference, "it must be affirmatively alleged that the defendant's conduct was motivated solely by malice or to inflict injury by unlawful means going beyond mere self-interest or other economic considerations"). ʻ

Plaintiff's claim for unjust enrichment must also be dismissed because this cause of action "is not available where it simply duplicates, or replaces, a conventional contract or tort claim." Corsello v. Verizon N.Y., Inc., 18 N.Y.3d 777, 790, 944 N.Y.S.2d 732, 967 N.E.2d 1177, 1185 (2012). Plaintiff's unjust enrichment claim is identical to its other causes of action, which seek the same relief for the same underlying conduct. Campbell v. Whole Foods Mkt. Grp., 516 F. Supp. 3d 370, 393 (S.D.N.Y. 2021) (an unjust enrichment claim "will not survive a motion to dismiss where plaintiffs fail to explain how their unjust enrichment claim is not merely duplicative of their other causes of action").

This cause of action must be dismissed because New York does not recognize civil conspiracy as an independent cause of action. Ward v. City of New York, AD3d , 789 N.Y.S.2d 539 (2nd Dept. 2005).

The complaint fails to state a claim for conversion since only Defendant, Paul, is accused of taking the alleged information, who was authorized to access the alleged book per the Complaint, and therefore cannot establish "unauthorized possession" of the book. Moreover, Plaintiff only claims that Defendants took information from the book and not the book itself, and therefore fails to allege that that Defendants deprived plaintiff of possession of that book. See ECF Docket Entry 1 at 4, ¶ 32; See ECF Docket Entry 1 at 5, ¶38. See ECF Docket Entry 1 at 6, ¶47. See e.g., Hair Say, Ltd. v  Opus, Inc., 2005 NY Slip Op 50382(U) (Nassau Cty March 17, 2005) (dismissing plaintiff's claim for conversion on the grounds that, although defendants may have had a copy of plaintiff's customer list, "defendants' possession of a copy of the list did not deprive or exclude plaintiff of possession of that list").

Finally, Plaintiff's faithless servant claim must be dismissed because it fails to provide any detail beyond conclusory allegations, is not plead with sufficient specificity, and is identical, and therefore duplicative, of Plaintiff's other claims. See e.g., Babbitt v. Keoppel Nissan, Inc., 2020 WL 3183895, (E.D.N.Y. June 15, 2020). See also, Rubio v. BSDM Mgmt. Inc., 548 F.Supp.3d 362 (S.D.N.Y. 2021) (holding that Rule 12(b) applied to plaintiff's faithless servant claim  because it "mirror[ed] the very elements of a cause of action for fraud" and dismissing on the grounds that plaintiff failed to plead with the required specific factual allegations).

Thank you for the Court's attention and consideration.


Respectfully submitted,
/s/ Gerard Lucciola
Gerard A. Lucciola