**KUSHMAKOV LAW, P.C.**
71-50 Austin Street, Ste. 205
Forest Hills, New York 11375
(646) 694-0248
Eduard@KushmakovLaw.com

August 21, 2025

**VIA:ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Laura K. Eshkenazi, U.S.M.J.
225 Cadman Plaza East
Courtroom N322
Brooklyn, New York 11201

|  |  |
|---|---|
| RE: | **Prospect Hair, LLC v. Haircraft by Paul and Ben, Inc.,** *et al.* |
| Case No. | **1:25-cv-1884 (KAM) (JAM)** |

Dear Judge Eshkenazi:

This office, together with Sage Legal, LLC represents Plaintiff, Prospect Hair, Inc. ("Plaintiff") in the above-referenced case. Plaintiff respectfully submits this letter in response to Defendants' letter for a pre-motion conference in anticipation of a motion to dismiss ("Motion"). For the reasons set forth herein, such a motion will be meritless and waste judicial resources.

**<u>Plaintiff States a Claim under te Defend Trade Secrets Act and for Misappropriation</u>**

Defendants argue that Plaintiff failed to identify a valid trade secret, did not allege improper means of access, did not take reasonable measures to protect the secrecy of its trade secret, and that the customer book ("Book") is not a trade secret. Defendants are mistaken.

The elements of a misappropriation of trade secrets claim under New York common law and under the DTSA are "fundamentally the same." *Iacovacci v Brevet Holdings, LLC*, 437 F Supp 3d 367, 380 (SDNY 2020). A plaintiff must show "(1) that it possessed a trade secret, and (2) that the defendants used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means." *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 43-44 (2d Cir. 1999). Here, Defendants accessed the Book beyond their authorized scope, after their employment with Plaintiff ended, and used those trade secrets for competitive purposes, thereby breaching their fiduciary duty to Plaintiff.

Similarly, Defendants conveniently ignore that the Book constitutes a trade secret in the Second Circuit. <u>N. Atl. Instruments, Inc.</u>, 188 F.3d at 44 ("A customer list developed by a business through substantial effort and kept in confidence may be treated as a trade secret ...." (quotation marks omitted). In any event, "[t]he question of whether or not a customer list is a trade secret is generally a question of fact" that is not easily disposed of on a motion to dismiss. *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 89 (2d Cir.1991).

Therefore, both DTSA and misappropriation claims are sufficiently pled, preserving federal jurisdiction.

**Plaintiff States Claims for Unfair Competition, Faithless Servant, and Unjust Enrichment**

Defendants argue that the absence of a covenant not to compete requires dismissal of Plaintiff's unfair competition claim, unless the "former employee uses the former employer's trade secrets…" *See* ECF 14. However, Defendants used Plaintiff's trade secrets to open a competing business as described above and in the Complaint. Further, Defendants, as employees of Plaintiff, were required "to be loyal to [their] employer and [were] 'prohibited from acting in any manner inconsistent with [their] agency or trust and [were] at all times bound to exercise the utmost good faith and loyalty in the performance of [their] duties.' *Western Elec. Co. v. Brenner,* 41 N.Y.2d 291, 295 (1977); *Lamdin v Broadway Surface Adv. Corp.*, 272 NY 133, 138 (1936); *Phansalkar v Andersen Weinroth & Co., L.P.*, 344 F3d 184, 200 (2d Cir 2003); *Miller v Levi & Korsinsky, LLP*, 20 CIV. 1390 (LAP), 2021 WL 535599, at *5 (SDNY Feb. 12, 2021) (examining whether an employee's conduct warrants forfeiture under the faithless servant doctrine). Here, Defendants improperly accessed and misappropriated Plaintiff's trade secrets, used Plaintiff's trade secrets to open a competing business, and further utilized Plaintiff's trade secrets to steal customers.

The faithless servant doctrine holds that "[o]ne who owes a duty of fidelity to a principal and who is faithless in the performance of his [or her] services is generally disentitled to recover his [or her] compensation, whether commissions or salary" *Panos v Mid Hudson Med. Group, P.C.*, 204 AD3d 1016, 1018 (2d Dept 2022). Obviously, Defendants' actions run afoul of this doctrine; they were disloyal in stealing Plaintiff's trade secrets and using same to convert Plaintiff's customers to their new competing entity. Defendants cite no authority prohibiting maintaining a faithless servant with a misappropriation claim; and, contrary to what Defendants argue, Plaintiff is not pleading a fraud claim. *See generally Women's Cancer Care Assoc., LLC v Godoy*, 77 Misc 3d 1209(A) (Sup Ct 2022) (permitting a faithless servant claim to proceed with a misappropriation claim).

As to its unjust enrichment claim, Plaintiff agrees that it is axiomatic that an unjust enrichment claim may not be maintained with a breach of contract claim. *Ingham ex rel. Cobalt Asset Mgt., L.P. v Thompson*, 88 AD3d 607 (1st Dept 2011). Here, however, Plaintiff does not allege breach of contract. As such, this is no basis to dismiss the unjust enrichment claim.

How Defendants' actions insulate them from a claim of unfair competition and violation of the faithless servant doctrine is a mystery given their misguided arguments. As such, these claims should not be dismissed.

**Plaintiff States Claims for Tortious Interference, Unfair Competition, Civil Conspiracy & Conversion**

Defendants' arguments as to these causes of action are likewise misplaced.

Tortious interference requires pleading (a) the plaintiff had business relations with a third party; (b) the defendant interfered with those business relations; (c) the defendant acted with the sole purpose of harming the plaintiff or by using unlawful means; and (d) there was resulting injury to the business relationship." Thome v Alexander & Louisa Calder Found., 70 AD3d 88, 108 (1st Dept 2009). Here, Defendants misappropriated Plaintiff's trade secrets, thereby minimally constituting use of unlawful means.

2

"To establish a cause of action for relief based on unfair competition, a plaintiff must demonstrate that the defendant wrongfully diverted the plaintiff's business to itself. In the absence of a restrictive covenant, an employee may freely compete with a former employer unless trade secrets are involved or fraudulent methods are employed" *Stuart's, LLC v Edelman*, 196 AD3d 711 (2d Dept 2021). Here it is sufficiently alleged that Defendants wrongfully diverted business to themselves and did so by misappropriating Plaintiff's trade secrets.

To establish a claim of civil conspiracy, Plaintiff "must demonstrate the primary tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury" *Abacus Fed. Sav. Bank v Lim*, 75 AD3d 472, 474 (1st Dept 2010). Each of these elements were sufficiently pleaded – Defendants conspired and took Plaintiff's trade secrets and stole Plaintiff's customers.

In *Thyroff v Nationwide Mut. Ins. Co.*, the Court of Appeals permitted a conversion claim for electronic data to proceed. See 8 NY3d 283 (2007). As such, the conversion of Plaintiff's trade secrets – the Book and the information therein – is sufficiently alleged.

For the foregoing reasons, none of Plaintiff's claims should be dismissed, and this Court should retain jurisdiction.

To the extent that the Court determines that any claims should be dismissed, Plaintiff respectfully requests an opportunity to amend the Complaint. See Fed. R. Civ. P. 15(a). Indeed, "'[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead.'" See Cruz v. TD Bank, N.A., 742 F.3d 520, 523 (2d Cir. 2013); see also Vacold LLC v. Cerami, No. 00-CIV.-4024 (AGS), 2002 WL 193157, at *6 (S.D.N.Y. Feb. 6, 2002) (quoting Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991)); Elliot-Leach v. New York City Dep't of Educ., 201 F. Supp. 3d 238, 243 (E.D.N.Y. 2016), aff'd, 710 Fed. Appx. 449 (2d Cir. 2017). Moreover, "[w]ithout the benefit of a ruling [from the Court], many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies." See McKenzie-Morris v. V.P. Records Retail Outlet, Inc., No. 1:22-CIV.-1138 (GHW), 2022 WL 18027555, at *12 (S.D.N.Y. Dec. 30, 2022) (citing Loreley Fin. (Jersey) No. 3 Ltd., 797 F.3d at 190.

The undersigned thank the Court for its time and consideration in this case.

Respectfully submitted,

/s/ Eduard Kushmakov
Eduard Kushmakov, Esq.

/s/ Emanuel Kataev
Emanuel Kataev Esq.

CC: All parties via ECF