IN THE UNITED STATES DISTRICT
COURT  FOR THE EASTERN DISTRICT
OF NEW YORK

PROSPECT HAIR LLC,,

                Plaintiff,

    - against -

HAIRCRAFT BY PAUL AND BEN INC., NG
YUK-PO, TAIHUI SHIB, and SARAH YUK
MEI NG,

             Defendants.

Civil Action No. 1:25-cv-1884

Honorable Judge Ann Donnelly

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Dated: New York, New York
       January 12, 2026

                        Respectfully submitted,

                        The Lucciola Law Group, P.C.
                        55 Broadway, 23rd Floor
                        New York, New York 10006
                        Tel: (212) 482-4400

By:    /s/ *Gerard Lucciola*

                        **Gerard A. Lucciola (GL4147)**
                        glucciola@lucciolalaw.com
                        *Attorneys for Defendants*
                        Haircraft By Paul And Ben Inc.,
                        Ng Yuk-Po, Taihui Shib, and
                        Sarah Yuk Mei Ng,

## TABLE OF CONTENTS

TABLE OF CONTENTS…………………………………………………………………..…i

TABLE OF AUTHORITIES……………………………………………………………...…ii

STATEMENT OF FACTS…………………………………………………………………...1

PROCEDURAL HISOTRY…..………………………………………………………………2

LEGAL ARGUMENTS………………………………………………………..……………3

I.      LEGAL STANDARD ……………………………………………..…………...3

II.     PLAINTIFF'S DTSA CLAIM SHOULD BE DISMISSED IN ITS ENTIRETY………..5

      A.  TRADE SECRET NOT IDENTIFIED …………………………..…………...8

      B.  CUSTOMER LIST (THE "BOOK") NOT ENTITLED TO TRADE SECRET PROTECTION…………………………………..…………………………...10

      C.  REASONABLE EFFORT TO MAINTAIN SECRECY NOT SUFFICIENTLY PLEAD…………………………………..……………………….….……...12

      D.  INDEPENDENT ECONOMIC VALUE NOT SUFFICIENTLY PLEAD…….………...…...…..…...…..…...…..…...…..…...…..…...…...…...15

      E.  COMPLAINT FAILS TO STATE A CLAIM FOR MISAPPROPRIATION…..…...16

      F.  TRADE SECRET MISAPROPRIATION CLAIM UNTIMELY ………..…..…...17

III.    STATE LAW CLAIMS ………………………………………….……………18

      A.  UNFAIR COMPETITION CLAIM SHOULD BE DISMISSED…..……………19

      B.  TORTIOUS INTERFERENCE CLAIM SHOULD BE DISMISSED:………………………………………………………...20

      C.  UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED..……….......…...21

      D.  CIVIL CONSPIRACY CLAIM SHOULD BE DISMISSED………………………23

      E.  CONVERSION CLAIM SHOULD BE DISMISSED…......…………………...23

      F.  FAITHLESS SERVANT DOCTRINE CLAIM SHOULD BE DISMISSED………..24

CONCLUSION…………………………………………………..………………...25

## TABLE OF AUTHORITIES

## CASES:

24 Seven LLC v. Martinez,
No. 1 :19-cv-07320-VSB (S.D.N.Y. Jan 26, 2021)……………………………………10, 11, 12

Aira Jewels, LLC, v. Mondrian Collection, LLC,
1:23-cv- 04510 (JLR) (S.D.N.Y.)………………………………………………………10

Altman Stage Light., Inc. v . Smith,
2022 U.S. Dist. LEXIS 22699 (S.D.N.Y. Feb. 8, 2022)…………………………………8, 16

AMF Inc. v. Algo Distributors, Ltd.,
48 A.D.2d 352 (2nd Dept. 1975)…………………………………………………...24

Art & Fashion Group Corp. v. Cyclops Prod. Inc.,
120 A.D.3d 436 (1st Dept. 2014) …………………………………………………24

Ashcroft v. Iqbal,
556 U.S. 662 (2009)…………………………………………………………3, 4, 5

Ashland Management Inc. v. Janien,
82 N.Y2d 395 (1993)…………………………………………………..………6

Atmospherics, Ltd. v. Hansen,
269 A.D.2d 343 (2nd Dept. 2000)…………………………………………………...11

Beijing Neu Cloud Oriental Sys. Tech. Co. v IBM,
2022 U.S. Dist. LEXIS 54348 (S.D.N.Y. Mar. 25, 2022)…………………………………8

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007)…………………………………………………………...3,4,5

Bouetead Sec., LLC v. Leasing Grp. Co.,
202 U.S. Dist. Lexis 160912 (S.D.N.Y. Aug. 25, 2021)…………………………………20

Broker Genius, Inc. v. Zalta,
280 F.Supp.3d 495 (S.D.N.Y. 2017)…………………………………………………9

Broidy v. Glob. Risk Advisors LLC,
2023 U.S. Dist. LEXIS 171621 (S.D.N.Y. Sept. 26, 2023)…………………………………...10

CDx Lab's, Inc. v. Zila, Inc.,
162 A.D.3d 970 (2nd Dept. 2018)...................................................................17

Core SWX, LLC v. Vitec Group US Holdings, Inc.,
21-CV-1692 (JMA) (JMW), 2022 WL 3588081 (E.D.N.Y. July 14, 2022)…………………6, 7, 9

Corsello v. Verizon N.Y., Inc.,
18 N.Y.3d 777, 944 N.Y.S.2d 732, 967 N.E.2d 1177 (2012)…………………………………23

Data Device Corp. v. W.G. Holt Inc.,
No. 19-CV 4105(JS)(ARL), 2020 WL 7024312 (E.D.N.Y. Nov. 30, 2020)……………………...19

Defiance Button Machine Co. v. C & C Metal Products,
759 F.2d 1053, 1063 (2d Cir. 1985)…………………………………………………...13

Denney v. Deutsche Bank AG,
443 F.3d 253 (2d Cir. 2006)…………………………………………………………5

Ellul v. Congregation of Christian Bros.,
77 4 F.3d 791(2d Cir. 2014)…………………………………………………………18

Elsevier Inc. v. Dr. Evidence, LLC,
No. 17-CV-5540 (KBF), 2018 WL 557906 (S.D.N.Y. Jan. 23, 2018)……………………6, 8,9,15

Espire ADS LIC v Tapp Influence Corp.,

655 F. Supp. 3d 223 (S.D.N.Y. 2023)…………………………………………………..19, 20

ExpertConnect, L.L.C. v. Fowler,
No. 18 Civ. 4828, 2019 WL 3004161 (S.D.N.Y. July 10, 2019)…………………………8

Ferring v. Allergan,
932 F.Supp.2d 493 (S.D.N.Y. 2013)…………………………………………….......17

Fiorenti v. Central Emergency Physicians, PLLC, 3
05 A.D.2d 453 (2nd Dept. 2003)…………………………………………………………23

Freedom Calls Foundation v. Bukstel,
No. 05CV5460, 2006 WL 845509 (E.D.N.Y. March 3, 2006)…………………………..14

Generation Next Fashions Ltd. v. JP Morgan Chase Bank, NA.,
698 F. Supp. 3d 663(S.D.N.Y. 2023)…………………………………………………21

Greenblatt v. Prescription Plan Services Corp.,
783 F.Supp. 814 (S.D.N.Y. 1992) …………………………………………………14

Gonzalez v. Inn on the Hudson LLC,
20-CV-9196 (ER), 2022 WL 974384 (S.D.N.Y. Mar. 30, 2022)………………………………3

Hair Say, Ltd. v Salon Opus, Inc.,
2005 NY Slip Op 50382(U) (Nassau Cty Supreme March 17, 2005) …………………………23

Iacovacci v. Brevet Holdings, LLC,
437 F. Supp. 3d 367 (S.D.N.Y. 2020)…………………………………………………6

Intrepid Fin. Partners, LLC v. Fernandez,
No. 20-CV-9779 (LTS), 2020 WL 7774478 (S.D.N.Y. Dec 30, 2020)…………………………8

Inv. Sci., LLC v. Oath Holdings Inc.,
No. 20-cv-8159 (GBD), 2021 WL 3541152 (S.D.N.Y. Aug. 11, 2021)…………………………13

Ivy Mar Co. v. C.R. Seasons Ltd.,
907 F. Supp. 547 (E.D.N.Y. 1995) …………………………………………………11

JAPNA, Inc. v. SELFX Innovations Inc.,
No. 22-CV- 10753, 2024 WL 1250269 (S.D.N.Y. Mar. 22, 2024) ……………………………24

John Mezzalingua Associates, LLC v. Braunschweig,
No. 5:20-19-cv- 00368 (N.D.N.Y Jan. 14, 2020)……………………………………………21

Kadant, Inc. v. Seeley Mach., Inc.,
244 F. Supp. 2d 19 (N.D.N.Y. 2003)…………………………………………………11

Kirch v. Liberty Media Corp.,
449 F.3d 388 (2d Cir. 2006) …………………………………………………20

Kumaran v Northland Energy Trading, LLC,
2022 U.S. Dist. LEXIS 42071 (S.D.N.Y. Mar. 9, 2022)………………………………………8

L-7 Designs, Inc. v. Old Navy, LLC,
647 F.3d 419 (2d Cir. 2011) …………………………………………………4

Makarova v. United States,
201 F.3d 110 (2d Cir. 2000)…………………………………………………3

Mandarin Trading Ltd. v. Wildenstein,
16 N.Y.3d 173, 944 N.E.2d 1104 (NY App Ct. 2011)……………………………………21, 22

Morrison v. Nat'l Austl. Bank Ltd.,
547 F.3d 167 (2d Cir. 2008)…………………………………………………3

Murphy v. Kotlowska,
217 A.D.3d 455 (1st Dept. 2023)…………………………………………………24

Negative, Inc. v. McNamara,

770 F.Supp.3d 472 (E.D.N.Y. Mar. 13, 2025)…………………………………..….5, 12

North Salem Psychiatric Servs., P.C. v. Medco Health Solutions, Inc.,
50 A.D.3d 986, 854 N.Y.S.2d 905 (2d Dept. 2008)…………………………………………...22

Oakwood Laby's, LLC v. Thanoo,
999 F.3d 892 (3d Cir. 2021) ………………………………………………………………...16

Polanco v. NCO Portfolio Mgmt., Inc.,
23 F.Supp.3d 363 (S.D.N.Y. 2014)….0………………………………………………………23

Prysm Group, LLC, v. Emeritus Institute of Management Pte Ltd & Emeritus Institute of
Management, Inc., No. 24 CIV. 9305 (VM), 2025 WL 1827274, (S.D.N.Y. July 2, 2025)……..20

Reyes v. Upfield US Inc.,
694 F. Supp. 3d 408 (S.D.N.Y. 2023)…………………………………………………………22

Sasqua Group, Inc. v. Courtney,
No. 2:10-cv-00528 (E.D.N.Y Feb 9, 2010)……………………………………………………11

Schroeder v. Pinterest, Inc.,
133 A.D.3d 12 (1st Dept. 2015) ……………………………………………………………9, 21

Schwartz v. Capital Liquidators, Inc.,
984 F.2d 53 (2d Cir. 1993)……………………………………………………………………23

Select Research Ltd. v. Amazon.Com, Inc.,
No. 1:2024cv06419 (S.D.N.Y. 2025)…………………………………………………………18

Shoreline Aviation, Inc. v. Sound Aircraft Flight Enters., Inc.,
No. 20-2161 (NJC)(SIL), 2024 WL 4040352 (E.D.N.Y. Aug. 12, 2024)………………………24

Sperry v. Crompton Corp.,
8 N.Y.3d 204, 831 N.Y.S.2d 760, 863 N.E.2d 1012 (2007) …………………………………21

Studio - D v. Waverly Staging & Design LLC,
2025 WL 844420 (S.D.N.Y. Mar. 18, 2025)…………………………………………19, 22, 25

TileBar v. Glazio Tiles,
No. 22-CV-3823 (PKC) (RML), 2024 WL 1186567 (E.D.N.Y. Mar. 15, 2024)……………….19

Town & Country Linen Corp. v. Ingenious Designs LLC,
556 F. Supp. 3d 222 (S.D.N.Y. Aug. 23, 2021)…………………………………………………8,9

TRB Acquisitions LLC v. Yedid,
No. 20-CV-00552 (JMF), 2021 WL 203122 (S.D.N.Y. Jan 28, 2021)…………………………9

Walter Karl, Inc. v. Wood,
137 A.D.2d 22 (1988) ………………………………………………………………………...12

Ward v. City of New York,
789 N.Y.S.2d 539 (2nd Dept. 2005)...............................................................................................23

Zirvi v. Flatley,
433 F. Supp. 3d 448 (S.D.N.Y. 2020)…………………………………………………………..8

Zurich Am. Life Ins. Co. v. Nagel,
20-cv-11091, 2021 U.S. Dist. LEXIS 89781 (S.D.N.Y. May 11, 2021)……………………...10, 15

**STATUTES**:
FRCP 12(b)(1) …………………………………………………………………………………4
FRCP 12(b)(6) …………………………………………………………………………………4
18 U.S.C. § 1836………………………………………………………………………...2, 6, 17
18 U.S.C. § 1839……………………………………………………………………6, 7, 8, 15, 16

## <u>STATEMENT OF PERTINENT FACTS</u>:

Plaintiff, Prospect Hair Salon (hereinafter "Prospect"), is a New York limited liability company which opened as a hair salon business in approximately January 2018 with a single place of business, located at 283 Flatbush Avenue, Brooklyn, New York.

Defendant, Ng Yuk-Po a/k/a Paul, was a hair-stylist professional, employed at-will at Prospect with no managerial role/authority from February 2018 until December 31, 2022. as, <u>inter</u> <u>alia</u>, a w-2 employee. Defendant, Taihui Shih a/k/a Ben, was a hair-stylist professional, employed at-will at Prospect from October 2019 until December 31, 2022 as, <u>inter</u> <u>alia</u>, a w-2 employee. Defendant, Sarah Yuk Mei Ng, was employed at-will part-time as a hair-washer at Prospect for a few months in 2018 and June 2021 until December 31, 2022 as, <u>inter</u> <u>alia</u>, a w-2 employee. Defendants permitted Plaintiff to use their cosmetology licenses at Prospect.

All Defendants had keys and were permitted to open and close the salon. All Defendants assisted customers in scheduling appointments as part of their employment duties at Prospect. The alleged customer appointment book was not kept under lock and key and was accessible and used daily by all Prospect employees. Plaintiff never communicated, explicitly or implicitly, that the alleged customer appointment book and/or the information therein was proprietary information, meant to be kept confidential, and/or that anyone was prohibited from accessing it.

Defendants never entered into any contract or restrictive covenant agreement with or related to Prospect and/or the alleged book. None of the Defendants had any written employment agreements, non-disclosures or written non-compete of any kind with plaintiff.

In December 2022, Defendants advised "Bruno" a/k/a Aleksandr Isakharov that their last day at Prospect would be December 31, 2022. On December 31, 2022 a locksmith came to the salon at Plaintiffs request and changed the locks while Defendants were servicing customers.

1

**PROCEDURAL HISTORY**:

Plaintiffs commenced this action on or about April 6, 2025. Plaintiffs assert nine (9) causes of action (COA). The First (Violation of Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836) and Second (Injunctive Relief under the DTSA (18 U.S.C. § 1836)) are pleaded under the DTSA. The remaining causes of action are state law claims: Third (Misappropriation), Fourth (Unfair Competition), Fifth (Tortious Interference), Sixth (Unjust Enrichment), Seventh (Civil Conspiracy), Eighth Cause of Action (Conversion) and Ninth (Violation of the Faithless Servant Doctrine). (*See*, Ex. A. ¶ 53-84, 86-131). Each claim fails as a matter of law.

On August 14, 2025, Defendants filed a motion for a pre-motion conference and on August 21, 2025, Plaintiffs filed a response in opposition.

On November 3, 2025, an Initial Conference was held before Magistrate Judge Lara K. Eshkenazi. The Court indicated that discovery would proceed during motion practice.

On November 12, 2025, a pre-motion conference was held before Judge Ann M. Donnelly and Plaintiffs were directed to consider voluntarily discontinuing the within action.

On December 10, 2025, Plaintiffs elected to proceed with the within action.

The Court set the motion briefing schedule: motion due January 12, 2026; opposition by February 12, 2026; and reply, if any, by February 26, 2026.

**LEGAL ARGUMENTS**

I.  **LEGAL STANDARD:**

Rule12(b) permits a Defendant may move to dismiss a complaint based on lack of jurisdiction over the subject matter and/or the "failure to state a claim upon which relief can be granted. FRCP 12(b)(1); FRCP 12(b)(6).

**SUBJECT MATTER JURISDICTION:**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The party asserting subject matter jurisdiction must establish by a preponderance of the evidence that jurisdiction exists. Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008). In evaluating a Rule 12(b)(1) motion to dismiss, a district judge must "accept[ ] all material factual allegations in the complaint as true," but should "refrain from drawing inferences in favor of the party asserting subject matter jurisdiction." Gonzalez v. Inn on the Hudson LLC, 20-CV-9196 (ER), 2022 WL 974384, at * 2 (S.D.N.Y. Mar. 30, 2022).

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint based on "failure to state a claim upon which relief can be granted." To avoid dismissal on that basis, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In evaluating a motion to dismiss under Rule 12(b)(6), the court must accept all facts alleged in the complaint as true. Id. But it need not adopt "[t]hreadbare recitals of the elements of a cause of action" that are "supported by mere conclusory statements." Id.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint based on "failure to state a claim upon which relief can be granted." To avoid dismissal on that basis, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, *Supra.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." Iqbal, *Supra.* at 678. In evaluating a motion to dismiss under Rule 12(b)(6), the court must accept all facts alleged in the complaint as true. Id. But it need not adopt "[t]hreadbare recitals of the elements of a cause of action" that are "supported by mere conclusory statements." Id.

To survive a motion to dismiss under FRCP 12(b)(6), "a complaint must contain sufficient factual matter ... 'to state a claim to relief that is plausible on its face.' " Iqbal, *Supra.* at 678 (2009). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (*citing* Twombly, 550 U.S. at 556).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In other words, a claim is plausible if it is supported by "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Twombly, 550 U.S. at 556. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 430 (2d Cir. 2011) (noting that "plausibility.. depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable").

Although the Court is required to accept all well-pleaded facts as true and draw all reasonable inferences in favor of the Plaintiff when considering a motion to dismiss, "this tenet does not apply to legal conclusions or "threadbare recitals of a cause of action's elements." Iqbal, 556 U.S. at 663. More than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is required. Twombly, *Supra.* at 555.

## JURISDICTIONAL ARGUMENT:

Here, the Complaint fails to allege sufficient facts to state a claim under the DTSA, the only federal claim against Defendants herein. Since Plaintiff does not have a legally sufficient claim under the DTSA, this Court does not have subject matter jurisdiction over this matter. This Court, as hereinafter will be demonstrated, will no longer have subject matter jurisdiction if the claim for trade secret misappropriated under the DTSA is dismissed.

In this case, Plaintiff's only federal claim is the DTSA cause of action. If the DTSA claim is dismissed for the reasons provided herein, the balance of factors would counsel in favor of declining supplemental jurisdiction. Dismissal is also required where, as here, the Complaint allegations are mere "labels and conclusions[,]" "formulaic recitation[s] of the elements of [the] cause[s] of action[,]"and/or "naked assertions devoid of 'further factual enhancement.'" Id. Iqbal, 556 U.S. at 678.  See e.g., Denney v. Deutsche Bank AG, 443 F.3d 253, 266 (2d Cir. 2006) (holding that "a district court should decline the exercise of supplemental jurisdiction when all federal claims have been dismissed at the pleading stage").

## II.  PLAINTIFF'S DTSA CLAIM SHOULD BE DISMISSED IN ITS ENTIRETY:

The Defend Trade Secrets Act "provides a federal cause of action for trade-secret misappropriation involving a nexus to interstate commerce." Negative, Inc. v. McNamara, 770 F.Supp.3d 472, 479 (E.D.N.Y. Mar. 13, 2025). The DTSA defines a "trade secret" as "all forms of and types of financial, business, scientific, technical, economic, or engineering information," if two criteria are met: (1) "the owner thereof has taken reasonable measures to keep such information secret" and (2) "the information derives independent economic value . . . from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." Iacovacci

v. Brevet Holdings, LLC, 437 F. Supp. 3d 367, 380 (S.D.N.Y. 2020) (*quoting* 18 U.S.C. § 1839(3)). To state a DTSA claim, a plaintiff is required to show (1) the existence of a trade secret, (2) that "is related to a product or service used in, or intended for use in, interstate or foreign commerce," and (3) misappropriation of the trade secret. Core SWX, LLC v. Vitec Group US Holdings, Inc., 21-CV-1692 (JMA) (JMW), 2022 WL 3588081, at *4 (E.D.N.Y. July 14, 2022) (*quoting* 18 U.S.C. § 1836(b)(1)).

New York courts apply a six-factor test to determine whether information constitutes a trade secret either under the DTSA or state law: (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by the business to guard the secrecy of the information; (4) the value of the information to the business and its competitors; (5) the amount of effort or money expended by the business in developing the information; (6) the ease or difficulty with which the information could be properly acquired or duplicated by other. Ashland Management Inc. v. Janien, 82 N.Y2d 395, 407 (1993).

"Trade secrets are a narrow category of confidential information…" Elsevier Inc. v. Dr. Evidence, LLC, No. 17-CV-5540 (KBF), 2018 WL 557906, at *4 (S.D.N.Y. Jan. 23, 2018).  The DTSA defines a "trade secret" as information that "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." 18 U.S.C. § 1839 (3)(B).  To qualify as a trade secret under the DTSA, Plaintiff must show that (1) it "has taken reasonable measures to keep such information secret; and" (2) "the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another

6

person who can obtain economic value from the disclosure of the information…" 18 U.S.C. § 1839(3)(A)(B).

Actions brought under the DTSA do not have "heightened pleading requirements," however, courts in the Second Circuit regularly require "that plaintiffs plead their trade secrets with sufficient specificity to inform the defendants of what they are alleged to have misappropriated." Iacovacci, 437 F. Supp. 3d at 380. Courts in this Circuit have held that "Alleging general categories of information and data as trade secrets is not enough to put a defendant on notice of the contours of the misappropriation claims." Core SWX, 2022 WL 3588081, at *15. A party need not reveal its trade secrets in its complaint, but it must do more than provide "nebulous descriptions at the highest level of generality." Id.

The within Complaint is insufficient to state a claim for misappropriation of trade secrets and requires dismissal on the grounds that it (a) does not sufficiently identify the alleged trade secret; fatal to their complaint is that the alleged "customer list" is not attached (b) does not support an inference that the alleged information qualifies as a trade secret and/or warrants trade secret protection; (c) does not sufficiently allege that the information was a secret and/or that Plaintiffs took reasonable measures to protect its secrecy; (d) fails to set forth sufficiently allegations in support of the "independent economic value" requirement; (e)  fails to sufficiently allege misappropriation.

Courts have readily dismissed claims involving trade secrets where they are not actually secret or there is no discernible economic value from them not being generally known. Zirvi v. Flatley, 433 F. Supp. 3d 448, 465 (S.D.N.Y. 2020); *see also*, ExpertConnect, L.L.C. v. Fowler, No. 18 Civ. 4828, 2019 WL 3004161, at *5 (S.D.N.Y. July 10, 2019). Where, as here, a Complaint merely "references categories of information concerning... ordinary business

operations, and conclusorily alleges that such information is not readily available and affords [Plaintiffs] economic value" is subject to dismissal. Intrepid Fin. Partners, LLC v. Fernandez, No. 20-CV-9779 (LTS), 2020 WL 7774478, at *4 (S.D.N.Y. Dec 30, 2020). Moreover, information does not qualify as a trade secret unless the owner has "taken reasonable measures to keep such information secret." 18 U.S.C. § 1839 (3)(A).

## A. TRADE SECRETS NOT IDENTIFIED:

New York Courts require trade secrets to be pled with particularity and are increasingly calling on plaintiffs to plead their trade secret infringement claims with greater specificity. *See e.g.*, Zirvi v. Flatley, 433 F. Supp. 3d 448 (S.D.N.Y. 2020); Elsevier Inc. v. Doctor Evidence, LLC, *Supra*; Beijing Neu Cloud Oriental Sys. Tech. Co. v IBM, 2022 U.S. Dist. LEXIS 54348, at *9 (S.D.N.Y. Mar. 25, 2022); Kumaran v Northland Energy Trading, LLC, 2022 U.S. Dist. LEXIS 42071, at *22 (S.D.N.Y. Mar. 9, 2022); Altman Stage Light., Inc. v . Smith, 2022 U.S. Dist. LEXIS 22699, at *11 (S.D.N.Y. Feb. 8, 2022). Defendants do not have any notice of what trade secret or secret customer list is at issue that they have alleged to have stollen. Those cases were dismissed for failing to satisfy the specificity standard, which "requires that plaintiffs plead their trade secrets with sufficient specificity to inform the defendants of what they are alleged to have misappropriated." Zirvi, 433 F. Supp. 3d at 465.

The Complaint 'must describe the alleged trade secret with adequate specificity to inform the defendants what [they are] alleged to have appropriated.'" Town & Country Linen Corp. v. Ingenious Designs LLC, 556 F. Supp. 3d 222 (S.D.N.Y. Aug. 23, 2021). *See also*, Core SWX, LLC v. Vitec Grp. US Holdings, Inc., *Supra*.; Broker Genius, Inc. v. Zalta, 280 F.Supp.3d 495, 515 (S.D.N.Y. 2017) (vague and indefinite pieces of information cannot be protected as a trade

8

secret); <u>Schroeder v. Pinterest, Inc.</u>, 133 A.D.3d 12, 29 (1st Dept. 2015) (the alleged trade secret must be "more than a collection of broad concepts").

Applying these standards, Plaintiffs Complaint requires dismissal for failing to adequately identify the trade secret they claim Defendants misappropriated. Plaintiffs accuse Defendants of misappropriating a "client list" containing "names and information" of individuals who visited or made an appointment for services at Plaintiffs' salon. The Complaint does not identify any specific customer whose information Plaintiffs claim that Defendants misappropriated or give any indication of the number of customers whose information was allegedly misappropriated. Plaintiffs' allegation that "a significant number of customers have been solicited" (*See*, Ex. A. ¶ 52) is too vague to support an inference that trade secret protection is warranted."

A complaint that only claims general categories of information and data as trade secrets" is insufficient "because it does not adequately put the defendant on sufficient notice of the contours of the claim for misappropriation." <u>TRB Acquisitions LLC v. Yedid</u>, No. 20-CV-00552 (JMF), 2021 WL 203122, at *2 (S.D.N.Y. Jan 28, 2021). *See also*, <u>Elsevier Inc. v. Dr. Evidence, LLC</u>, No. 17-cv-5540 (KBF), 2018 WL 557906, at *6 (S.D.N.Y. Jan. 23, 2018) (a complaint that does not allege the existence of a trade secret and only alleges "general categories of 'confidential information'" alleged to be misappropriated will be dismissed).

New York Courts have readily dismissed prior cases for similar deficiencies in the complaint. *See e.g.*, <u>24 Seven LLC v. Martinez</u>, No. 1 :19-cv-07320-VSB (S.D.N.Y. Jan 26, 2021) (noting that "to the extent that the documents contain specific client names that are allegedly not public, plaintiff fails to identify those clients so that [the Court] might address them" and holding that the information alleged is readily obtainable and as such, does not constitute a trade secret );

Zurich Am. Life Ins. Co. v. Nagel, 20-cv-11091, 2021 U.S. Dist. LEXIS 89781 (S.D.N.Y. May 11, 2021) (finding that the broad descriptions of the allegedly misappropriated material were insufficiently precise to demonstrate the existence of a trade secret  and that "nebulous" categories of documents, without more, was insufficient to state a claim for trade secret misappropriation); Broidy v. Glob. Risk Advisors LLC, 2023 U.S. Dist. LEXIS 171621 (S.D.N.Y. Sept. 26, 2023) (granting Defendants' motion to dismiss on the grounds that the complaint was merely a conclusory, boilerplate recitation of the DTSA that alleged the value came from "significant investment of time and resources" without pleading any specific trade secrets).

**B.  CUSTOMER LIST (THE "BOOK") NOT ENTITLED TO TRADE SECRET PROTECTION:**

Generally, customer lists with basic information, such as identities and contact information, without more, does not constitute a trade secret under the law. *See e.g.*, Aira Jewels, LLC, v. Mondrian Collection, LLC, 1:23-cv- 04510 (JLR) (S.D.N.Y.) (holding that the alleged trade secret, which plaintiff identified as "simply customer lists, client contacts, supplier contacts, sales, marketing, and business strategies," was "too general to state a DTSA claim"). "Lists that contain information about customers are not trade secrets if they are little more than a compilation of publicly available information, such as contact information." Id. Neither the Court nor any Defendants are apprised of the composition and nature of the customer list.

"[T]he *sine qua non* of whether a customer list constitutes a trade secret lies in whether 'the customers are readily ascertainable outside the employer's business as prospective users or consumers of the employer's services or products,' or, by contrast, 'the customers are not known in the trade or are discoverable only by extraordinary efforts [and the] customers' patronage had been secured by years of effort and advertising effected by the expenditure of substantial time

10

and money.'" 24 Seven LLC v. Martinez, *Supra.*; Atmospherics, Ltd. v. Hansen, 269 A.D.2d 343, 343 (2nd Dept. 2000) (holding that secrecy is an "essential prerequisite to legal protection against the misappropriation of a trade secret").

The within Complaint does not contain any allegation that states, implies or supports a finding that the customer names and information in the alleged Book are not known in the industry or discoverable only by extraordinary efforts. The Complaint does not give any indication that Plaintiff's efforts in compiling this information "translate to an independent economic advantage over its competitors" or that other hair salons would benefit from appropriating this information from Plaintiffs. Id. *See also*, Sasqua Group, Inc. v. Courtney, No. 2:10-cv-00528 (E.D.N.Y Feb 9, 2010) (dismissing the complaint because the confidential customer information database alleged could have been duplicated through simple (though lengthy)internet searches and holding that "mere expectations of confidentiality or technical safeguards such as password-protected systems are insufficient").

On the contrary, Plaintiffs alleged that "when a customer walked in or made an appointment, that customer's information was recorded in the book" (*See*, Ex. A. ¶ 25). Therefore, Plaintiffs admit that compiling the alleged information was relatively simple, required minimal effort, and at virtually no cost to Plaintiffs. *See e.g.*, Ivy Mar Co. v. C.R. Seasons Ltd., 907 F. Supp. 547, 558 (E.D.N.Y. 1995) (holding that where "information concerning customer preferences and ordering patterns could easily be . . . obtained by contacting those customers directly," that information could not be deemed a trade secret); Kadant, Inc. v. Seeley Mach., Inc., 244 F. Supp. 2d 19, 36 (N.D.N.Y. 2003) (denying trade secret protection to contacts information where customer companies' general contact information was readily available and "follow-up questions to the company in general would reveal the specific names, e-mail

addresses, or phone numbers of individuals involved in the purchasing process"); Walter Karl, Inc. v. Wood, 137 A.D.2d 22 (1988) (stating that "an employee's recollection of information pertaining to specific needs and business habits of particular customers is not confidential"). Plaintiff does not show that its efforts compiling these documents translates to an independent economic advantage over its competitors or that other staffing agencies would benefit from appropriating these lists from Plaintiff.

Moreover, neither "the fact that compilation of these lists was an arduous task" … "nor the fact that Plaintiff undertook the time and effort to develop personal relationships with the contacts…" is sufficient to confer protection under the DTSA. 24 Seven LLC v. Martinez, *Supra*. *See also e.g*., Webcraft Techs., Inc. v. McCaw, 674 F. Supp. 1039, 1044–45 (S.D.N.Y. 1987) (finding that a customer list of prospective customers "put together from easily available sources" may not have constituted a trade secret despite the fact that "considerable work [went] into compilation of the list"); Art & Cook, Inc. v. Haber, 416 F. Supp. 3d 191, 196 (E.D.N.Y. 2017) (finding that "the fact that the contacts on [the plaintiff's] customer lists are generally known within [the plaintiff's] industry is fatal" despite the plaintiff's testimony that it spent "tens if not hundreds of hours" of research compiling these lists).

## C. REASONABLE EFFORT TO MAINTAIN SECRECY NOT SUFFICIENTLY PLEAD:

Even if Plaintiffs had sufficiently alleged a trade secret, the Complaint should nevertheless be dismissed based on Plaintiff's failure to sufficiently plead and/or actually take reasonable steps to maintain the secrecy of the alleged book and information therein. *See e.g.*, Negative, Inc. v. McNamara, 2025 WL 815755, 1:23-cv-08503 (E.D.N.Y. Mar. 13, 2025) (dismissing DTSA misappropriation claim on the grounds that plaintiff failed to plead it had taken reasonable measures to maintain the secrecy of its alleged trade secrets").

It is axiomatic that the owner of a trade secret must take reasonable measures to protect its secrecy. Defiance Button Machine Co. v. C & C Metal Products, 759 F.2d 1053, 1063 (2d Cir. 1985). Courts have found that taking "reasonable measures" to safeguard against divulging trade secret information includes "confidentiality agreements, password-protection, sharing information with employees only on a need-to-know basis, emphasizing the need to keep the information confidential . . . and frequently reminding employees of the need to maintain confidentiality." Inv. Sci., LLC v. Oath Holdings Inc., No. 20-cv-8159 (GBD), 2021 WL 3541152, at *3 (S.D.N.Y. Aug. 11, 2021).

The Complaint here contains the following vague allegation with respect to Plaintiffs' efforts to protect secrecy:

- The Book was stored in the hair salon behind the register which is inaccessible to the public. (Ex. A. ¶ 26).
- Only Johnny had access to the Book, which was hidden (Ex. A. ¶ 31);
- Paul was allowed to access to the book based on his position at Prospect Hair, by virtue of which he was held to a high level of trust and confidence with its trade secrets (Ex. A. ¶ 32);
- Prospect Hair took reasonable measures to keep the Book and the information therein secret, including restricting access to only those who are in managerial positions and who are required to maintain confidentiality of the documents. (Ex. A. ¶ 33);
- The Book was kept under lock and key (Ex. A. ¶ 45);
- Prospect Hair made and makes reasonable efforts to maintain the secrecy of this information including limiting its disclosure to Paul, its manager, and Johnny, each of whom are entrusted to act in the best interests of Prospect Hair (Ex. A. ¶ 56);
- Plaintiff has taken reasonable measures to keep such information secret by, among other things, limiting access to such information as described above (Ex. A. ¶ 75);
- Prospect Hair makes reasonable efforts to maintain the secrecy of this information including limiting its disclosure to those described above (Ex. A. ¶ 89).

Notably, Plaintiffs do not allege that Defendants signed or were otherwise subject to an employment contract, non-compete and/or non-disclosure agreement, or any other restrictive

covenants. The Complaint does not allege the existence of any employee handbook or official policy applicable to the alleged trade secret information. Plaintiffs do not allege that when, how or even if they ever communicated to any of the Defendants that any alleged information was confidential, proprietary or considered a trade secret. Defendants were at-will employees who were never asked or required to sign any contract, agreement, restrictive covenant or the like (i.e. no confidentiality agreement, no noncomplete agreement).

Although Plaintiffs alleged that only the founder, Johnny, had access to the book (*See*, Ex. A. ¶ 31), the contradict themselves in the very next paragraph where they admit that at least one of the Defendants (Paul) rightfully and legitimately had access to the alleged. (*See*, Ex. A. ¶ 32). Plaintiffs do not allege that the book was inaccessible by other salon employees. Although Plaintiffs claim that the book was kept under lock and key (*See*, Ex. A. ¶ 46), they admit that it was "stored in the hair salon behind the register which is inaccessible to the general public" only (*See*, Ex. A. ¶ 26) - and not by other salon employees. Moreover, Plaintiffs allege that customer information was recorded in the book each time a customer came in or made an appointment (*See*, Ex. A. ¶ 25), but do not state who was required and/or permitted to record that information or that the information was recorded by Johnny or Paul only.

Based on these allegations, it is clear that Plaintiffs failed to take reasonable measures to protect the secrecy of the alleged trade secret information and warrant dismissal of Plaintiffs' claims for trade secret misappropriation. *See e.g.*, Freedom Calls Foundation v. Bukstel, No. 05CV5460, 2006 WL 845509, at *16 (E.D.N.Y. March 3, 2006); Greenblatt v. Prescription Plan Services Corp., 783 F.Supp. 814, 826 (S.D.N.Y. 1992) (holding that if the owner of a trade secret fails to take reasonable precautions to protect the information, the information loses the protection of trade secret law); Superb Motors Inc. v. Deo,  23-CV-6188 (JMW) (E.D. N.Y. Dec

01, 2023) (noting that mere expectations of confidentiality or technical safeguards such as password-protected systems are insufficient and that reasonable measures in that case required "explicit contractual protections, such as NDAs" and holding that "the lack of such agreements or formal confidentiality policies meant that the DMS and customer list did not qualify for trade secret protection under the DTSA, regardless of its intrinsic value or the resources invested").

### D. INDEPENDENT ECONOMIC VALUE NOT SUFFICIENTLY PLEAD:

Even if specific categories of trade secrets that provide Defendants with sufficient notice had been alleged, Plaintiffs fails to sufficiently allege that the information derives "independent economic value… from not being generally known." 18 U.S.C. § 1839 (3).

Indeed, the complaint fails to allege any non-conclusory allegations that the trade secrets derived independent economic value from being kept secret. *See e.g.*, Elsevier Inc. v. Doctor Evidence, LLC, No. 17-CV-5540 (KBF), 2018 WL 557906, at *6 (S.D.N.Y. Jan 23, 2018) ( "alleging the existence of general categories of confidential information, without providing any details to generally define the trade secret at issue, does not give rise to a plausible allegation of a trade secret's existence"); Zurich Am. Life Ins. Co. v. Nagel, 538 F.Supp.3d 296, 403-04 (S.D.N.Y. 2021) ("A complaint that only claims general categories of information and data as trade secrets does not state a claim under the DTSA because it does not adequately put the defendant on sufficient notice of the contours of the claim for misappropriation").

There are no factual allegations whatsoever to support the conclusory allegation that "the trade secret information…derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by" and the verbatim inclusion of the boilerplate statutory language is insufficient. Plaintiffs do not allege any facts demonstrating that Plaintiffs incurred significant developmental costs to create the

alleged trade secrets. On the contrary, the Plaintiffs allege that trade secret information was "recorded when clients called and/or came into the salon," establishing that compiling the alleged customer list did not involve any significant developmental costs which discredits Plaintiff's conclusory allegations (*See*, Ex. A., Par 37).

Similarly, other than the boilerplate statutory language, there are no allegations (fact or other) that could support Plaintiff's their claim that the "Book" or information therein provided Plaintiff with a competitive advantage over its competitors in the salon industry.

### E.  COMPLAINT FAILS TO STATE A CLAIM FOR MISAPPROPRIATION:

"There are three ways to establish misappropriation under the DTSA: improper acquisition, disclosure, or use of a trade secret without consent." Oakwood Laby's, LLC v. Thanoo, 999 F.3d 892, 908-09 (3d Cir. 2021) (citing 18. U.S.C. § 1839(5)). "Improper means under the Act includes theft, bribery, misrepresentation, [and] breach or inducement of a breach of a duty to maintain secrecy, but excludes reverse engineering, independent derivation, or any other lawful means of acquisition." Altman Stage Lighting, Inc. v. Smith, *Supra*. at* 4.

To succeed on a claim for the "misappropriation of trade secrets under New York law, a party must demonstrate: (1) that it possessed a trade secret, and (2) that the Defendants used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means." Faiveley Transp. Malmo AB, 559 F.3d at 117. "Improper means" include, theft, bribery, misrepresentation, breach or inducement of a breach of duty to maintain secrecy, and espionage through electronic or other means. 18 U.S.C. § 1839(b)(6). The DTSA expressly states that improper means does not include reverse engineering, independent derivation, or any other lawful means of acquisition. Id.

16

The Complaint fails to plausibly allege Defendants acquired the alleged trade secrets by improper means. Plaintiff's claim for appropriation fails based on their admission in the Complaint that Defendants, Paul, was permitted to access the alleged book. (See, Exh A. Par. 32). Plaintiffs do not allege that anyone other than Defendant Paul "obtained" the alleged trade secret information by improper means. Moreover, Plaintiffs do not allege that they informed or how they informed Defendants that the alleged information was considered confidential or proprietary. The Complaint does not sufficiently allege that Defendants knew or had reason to know that the alleged information was confidential or proprietary or that it was obtained by improper means.

## F. <u>TRADE SECRET MISAPROPRIATION CLAIM UNTIMELY</u>:

Irrespective of the foregoing, Plaintiffs' trade secret misappropriation claims fail because they are untimely. Under both the DTSA and New York law, the statute of limitations is three years. 18 U.S.C. § 1836(d); <u>CDx Lab'ys, Inc. v. Zila, Inc.</u>, 162 A.D.3d 970, 971 (2nd Dept. 2018). Under the DTSA, the statute runs from "the date on which the misappropriation… is discovered or by the exercise of reasonable diligence should have been discovered. 18 U.S.C. § 1836(d). Under New York law, it runs from the date that "defendant discloses the trade secret or when he first makes use of plaintiff's idea." <u>Ferring v. Allergan</u>, 932 F.Supp.2d 493, 510 (S.D.N.Y. 2013).

The Complaint here alleges that: (a) "from 2017 through and including January 2023, Paul accepted walk-ins and placed them into his own book rather than Prospect Hair's book" (*See*, Ex. A. ¶ 37); (b) "Over the course of his employment at Prospect Hair, Paul used Prospect Hair's Book to build his own book of business"; (c) "On or about January 1, 2023, Paul left Prospect Hair; Ben and Sara left with Paul" (*See*, Ex. A. ¶ 39); (d) "On or about January 8, 2023, Paul, Ben and Sara sent text messages to Prospect Hair's customers notifying them that Haircraft

is in business"  (*See*, Ex. A. ¶ 42). Plaintiffs also allege that "prior to joining Prospect Hair, Paul gloated that he had his own book of business, which he also kept in a physical book, that he promised to bring to Prospect Hair." (*See*, Ex. A. ¶ 29).

Based on the Complaint, the alleged unauthorized taking of information occurred between 2017 and 2023 when Defendant Paul recorded customer information into his own book instead of Plaintiffs' book in order to "build his own book of business." (*See*, Ex. A. ¶ 29).  The Complaint also establishes that Plaintiffs knew that Paul maintained his own physical book where he recorded customer information before he joined Prospect Hair and that he brought his book and used it while working at Prospect Hair.

It is clear that the alleged misappropriation dates as far back as 2017, approximately five years prior to the initiation of this action. Therefore, Plaintiffs' claims for misappropriation of trade secrets, both under the DTSA and New York law, should be dismissed as untimely. *See e.g.*, Ellul v. Congregation of Christian Bros., 77 4 F.3d 791, 798 (2d Cir. 2014) (noting that although the statute of limitations is typically an affirmative defense, a court may grant a motion to dismiss on that basis when the deficiency is clear from the fact of the complaint); Select Research Ltd. v. Amazon.Com, Inc., et al, No. 1:2024cv06419 (S.D.N.Y. 2025) (dismissing Plaintiff's trade secret misappropriation claims under both the DTSA and New York law as untimely).

## III.    STATE LAW CLAIMS SHOULD BE DISMISSED:

The gravamen of Plaintiff's claim and Complaint is that Plaintiff converted an alleged customer list. Absent a showing that such pleaded customer list exists and was stollen, all other state claims must fail. As will hereinafter be demonstrated, Plaintiff has not and cannot establish the necessary elements for the state claims.

A.  **UNFAIR COMPETITION CLAIM SHOULD BE DISMISSED**:

"It is well-established that a claim for unfair competition based on the same allegations as a claim for misappropriation of trade secrets is treated as a single cause of action, and should be dismissed as duplicative." TileBar v. Glazio Tiles, No. 22-CV-3823 (PKC) (RML), 2024 WL 1186567, at *19 (E.D.N.Y. Mar. 15, 2024). Here, the factual allegations underlying Plaintiff's trade secrets claims are the same as those underlying Plaintiff's unfair competition claim. Just like Plaintiff's trade secrets claim, Plaintiff's unfair competition claim focuses on Defendants' acquisition and use of Plaintiff's trade secrets to steal customers from Plaintiff. Notably, "Plaintiff does not allege any acts of unfair competition separate from Defendants' acquisition and use of Plaintiff's alleged confidential and proprietary information." TileBar at *20. *see e.g.*, Data Device Corp. v. W.G. Holt Inc., No. 19-CV 4105(JS)(ARL), 2020 WL 7024312, at *6 (E.D.N.Y. Nov. 30, 2020).

Accordingly, Plaintiffs' unfair competition claim must be dismissed as "duplicative because it [is] based on the same underlying conduct as plaintiffs' common law misappropriation claim." Studio - D v. Waverly Staging & Design LLC, 2025 WL 844420, at *7 (S.D.N.Y. Mar. 18, 2025) (dismissing plaintiff's unfair competition claim as duplicative because it was based on the same underlying conduct as plaintiff's misappropriation claim).

Alternatively, Plaintiff's cause of action for unfair competition requires dismissal for failure to state a claim. To state a claim for unfair competition under New York law, "the plaintiff must show either actual confusion in action for damages or a likelihood of confusion for equitable relief, coupled with bad faith. Espire ADS LIC v Tapp Influence Corp., 655 F. Supp. 3d 223, 259 (S.D.N.Y. 2023) (noting that "the essence of unfair competition under New York

common law is the bad faith misappropriation of the labor and expenditure of another, likely to cause confusion or to deceive purchasers as to the origin of the goods).

In Espire ADS LIC v. Topp Influencers Corp., the Court dismissed Plaintiff's unfair competition claim on the grounds that the Complaint failed to plead any confusion occurred as a result of any of the defendants' actions. 655 F. Supp. 3d 223, 259 (S.D.N.Y. 2023). Like in Espire, the Complaint here fails to plausibly allege that the alleged misappropriation is likely to "confuse or to deceive purchasers as to the origin of the goods," nor have they set forth any allegations showing that there was any actual or likelihood of confusion regarding the identity of the parties. Id . Simply stated, Plaintiffs have not made any allegations that as a result of the allegedly misappropriated information, that an individual coming to the Defendants salon  would be misled into believing they were transacting with Prospect Hair Plaintiffs.

**B.  TORTIOUS INTERFERENCE CLAIM SHOULD BE DISMISSED**:

Alternatively, dismissal is required because Plaintiffs improperly plead tortious interference with business relations and contracts as a single cause of action. *See*, Bouetead Sec., LLC v. Leasing Grp. Co., 202 U.S. Dist. Lexis 160912, at *7 (S.D.N.Y. Aug. 25, 2021) ("tortious interference with business relations is a distinct tort from tortious interference with contract ").

Plaintiffs' failure to plausibly allege that Defendants were motivated solely by malice or ill-will requires dismissal of the tortious interference claims, regardless of whether plaintiff is alleging interference with contracts or prospective economic advantage. *See*, Kirch v. Liberty Media Corp., 449 F.3d 388, 401-02 (2d Cir. 2006) (tortious interference with contracts requires that plaintiff allege "... (3) the 'defendant's intentional procurement of the third-party's breach of the contract without justification..."); Prysm Group, LLC, v. Emeritus Institute of Management Pte Ltd & Emeritus Institute of Management, Inc., No. 24 CIV. 9305 (VM), 2025 WL 1827274,

at *5 (S.D.N.Y. July 2, 2025) (tortious interference prospective economic advantage requires that plaintiff allege "... (3) "the defendant acted solely out of malice, or used dishonest, unfair, or improper means..."); <u>Generation Next Fashions Ltd. v. JP Morgan Chase Bank, NA.</u>, 698 F. Supp. 3d 663, 683 (S.D.N.Y. 2023) (failure to plead any of these elements warrants dismissal of the tortious interference claim).

Here, the Complaint fails to allege that Defendants acted **<u>solely</u>** out of malice or without justification. Instead, Plaintiffs allege that Defendants were motivated by a desire to build a book of business and open their own salon. (See, Exh. A, Par __). These allegations are fatal to Plaintiff's tortious interference claim. *See e.g.*, <u>John Mezzalingua Associates, LLC v. Braunschweig</u>, No. 5:20-19-cv- 00368  (N.D.N.Y Jan. 14, 2020) (holding that where "the defendant's interference is intended, at least in part, to advance its own competing interests, the claim [for tortious interference] will fail unless the means employed include criminal or fraudulent conduct").

### C.  <u>UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED</u>:

"To state a claim for unjust enrichment, a plaintiff must allege that: (1) the [defendant] was enriched, (2) at [plaintiff's] expense, and (3) that it is against equity and good conscience to permit the [defendant] to retain what is  sought to be recovered." <u>Schroeder v Pinterest Inc.</u>, 133 A.D.3d 12 (1st Dept. 2015). Plaintiff must also establish a "sufficiently close relationship with the other party" that, though not necessarily one of contractual privity, "could have caused reliance or inducement." <u>Id</u>.

The essential inquiry in any action for unjust enrichment ... is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." <u>Mandarin Trading Ltd. v. Wildenstein</u>, 16 N.Y.3d 173, 182–83, 944 N.E.2d 1104, 1110–11 (NY App Ct.

2011). *See also*, <u>Sperry v. Crompton Corp.</u>, 8 N.Y.3d 204, 215, 831 N.Y.S.2d 760, 863 N.E.2d 1012 (2007) (holding that "although privity is not required for an unjust enrichment claim, a claim will not be supported if the connection between the parties is too attenuated").

Plaintiff alleging a claim for unjust enrichment must plead facts "that would indicate a relationship between the parties, or at least an awareness by" the defendant of the plaintiff's existence. <u>Mandarin Trading Ltd.</u>, *Supra*. at 182–83. Without sufficient facts, conclusory allegations that fail to establish that a defendant was unjustly enriched at the expense of a plaintiff warrant dismissal. <u>North Salem Psychiatric Servs., P.C. v. Medco Health Solutions, Inc.</u>, 50 A.D.3d 986, 854 N.Y.S.2d 905 (2d Dept. 2008).

Plaintiffs' claim for unjust enrichment must be dismissed as duplicative of the misappropriation claim. "New York's highest court has made clear that 'an unjust enrichment claim is not available where it simply duplicates or replaces, a conventional contract or tort claim." <u>Studio - D</u>, at *8. "Nor is it 'a catch all action to be used when others fail. " <u>Id</u>. Unjust enrichment may only be claimed "in unusual circumstances when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff. " <u>Id</u>.

Here there is no discernible distinction between Plaintiffs' unjust enrichment claim from its other causes of action, which claim the same damages and seek the same relief from the underlying conduct. Therefore, Plaintiffs' unjust enrichment claim must be dismissed.

Moreover, New York's highest court has made clear that "[a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." <u>Corsello v. Verizon N.Y., Inc.</u>, 18 N.Y.3d 777, 790, 944 N.Y.S.2d 732, 967 N.E.2d 1177, 1185 (2012). Nor is it "a catchall cause of action to be used when others fail." <u>Reyes v. Upfield US</u>

Inc., 694 F. Supp. 3d 408, 430 (S.D.N.Y. 2023). A claim for unjust enrichment "is available only in unusual circumstances when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." Id. at 431.

### D. CIVIL CONSPIRACY CLAIM SHOULD BE DISMISSED:

This cause of action must be dismissed because New York does not recognize civil conspiracy as an independent cause of action. Ward v. City of New York, 789 N.Y.S.2d 539 (2nd Dept. 2005).

### E. CONVERSION CLAIM SHOULD BE DISMISSED:

Additionally, to plead a viable claim for conversion, plaintiffs are also required to allege that defendants refused to return identifiable property to Plaintiffs after plaintiffs demanded its return. Polanco v. NCO Portfolio Mgmt., Inc., 23 F.Supp.3d 363, 370 (S.D.N.Y. 2014). This element is especially important where, as here, defendants' original possession was lawful since the conversion occurs only after defendants refuse to return it. Schwartz v. Capital Liquidators, Inc., 984 F.2d 53, 54 (2d Cir. 1993). The within Complaint fails to plead that Plaintiffs demanded that defendants return identifiable property and that defendants refused.

"Conversion is the exercise of control over personalty contrary to the rights of the owner or one with a superior right of possession." Fiorenti v. Central Emergency Physicians, PLLC, 305 A.D.2d 453 (2nd Dept. 2003). An essential element of conversion is unauthorized possession to the exclusion of the rights of the Plaintiff. AMF Inc. v. Algo Distributors, Ltd., 48 A.D.2d 352 (2nd Dept. 1975). See also, Hair Say, Ltd. v Salon Opus, Inc., 2005 NY Slip Op 50382(U) (Nassau Cty Supreme March 17, 2005) (holding that defendants' motion for summary judgment should be granted since no triable issues of fact exist in light of the fact that Plaintiff

"retained possession of the customer list at all times"). A plaintiff asserting a cause of action for conversion is required to identify the property at issue. Murphy v. Kotlowska, 217 A.D.3d 455, 456 (1st dept. 2023). This court has dismissed cases at the pleading stage where, as here, plaintiff fails to "identify the property allegedly converted." Art & Fashion Group Corp. v. Cyclops Prod. Inc., 120 A.D.3d 436, 440 (1st Dept. 2014).

Here, Plaintiffs failed to allege that Defendants took possession of identifiable the alleged book and/or that, as a result, Plaintiffs were excluded from or deprived of possession of the alleged book or any other identifiable property. In fact, Plaintiffs do not even allege that Defendants copied information from the alleged book. The Complaint merely alleges that "Paul accepted walk-ins and placed them into his own book rather than Prospect Hair's book" to "build his own book of business." (See, Exh. A, Par 37-38). Thus, according to the Complaint allegations, the information at issue was never in Plaintiffs' possession.

## F. FAITHLESS SERVANT DOCTRINE CLAIM SHOULD BE DISMISSED:

The faithless servant doctrine requires an agent "'to be loyal to his employer' and 'prohibit[s] from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties.'" Shoreline Aviation, Inc. v. Sound Aircraft Flight Enters., Inc., No. 20-2161 (NJC)(SIL), 2024 WL 4040352, at *12 (E.D.N.Y. Aug. 12, 2024).

""[T]here are two standards for determining whether an employee's conduct is encompassed by the faithless servant doctrine: (1) misconduct and unfaithfulness substantially violate the contract of service which requires a persistent pattern, and (2) "misconduct by an employee that rises to the level of a breach of a duty of loyalty or good faith." JAPNA, Inc. v. SELFX Innovations Inc., No. 22-CV- 10753, 2024 WL 1250269, at *9 (S.D.N.Y. Mar. 22, 2024)

24

(internal quotations and citations omitted); <u>Studio - D v. The Waverly Group et al</u>, No. 1:2023cv09001  (S.D.N.Y. 2025).

Defendants were employees at will, had no restrictive covenants. There is and cannot be any allegation that that they were anything else than faithful employees while employed by Plaintiff.

## **CONCLUSION**:

For the foregoing reasons, Defendants respectfully request that this Court grant the within motion to dismiss Plaintiff's Complaint against them in its entirety and with prejudice.

Dated: January 12, 2026
New York, New York

Respectfully submitted,

The Lucciola Law Group, P.C.
55 Broadway, 23rd Floor
New York, New York 10006
Tel: (212) 482-4400

By:    /s/ *Gerard Lucciola*
**Gerard A. Lucciola (GL4147)**
glucciola@lucciolalaw.com
*Attorneys for Defendants*
Haircraft By Paul And Ben Inc.,
Ng Yuk-Po, Taihui Shib, and
Sarah Yuk Mei Ng,