UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PROSPECT HAIR LLC,

**Case No.:** 1:25-cv-1884 (AMD) (LKE)

Plaintiff,

-against-

HAIRCRAFT BY PAUL AND BEN INC.,
NG YUK-PO, TAIHUI SHIB, SARAH YUK MEI NG,

Defendants.
----------------------------------------------------------------X

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**SAGE LEGAL LLC**
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)

**KUSHMAKOV LAW, P.C.**
7150 Austin Street, Suite 205
Forest Hills, NY 11375
(646) 694-0248 (office)

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 4

LEGAL STANDARD ............................................................................................... 5

    A. Rule 12(b)(6) ................................................................................................. 5

    B. Rule 12(b)(1) ................................................................................................. 7

ARGUMENT ............................................................................................................. 7

  I. PLAINTIFF PLAUSIBLY STATES A CLAIM UNDER THE DEFEND TRADE
SECRETS ACT .......................................................................................................... 8

    A. Plaintiff Adequately Identifies the Trade Secret .......................................... 9

    B. The Customer Book Qualifies as a Trade Secret ........................................ 10

    C. Misappropriation Is Plausibly Alleged ....................................................... 11

    D. Plaintiff Adequately Pleads Reasonable Measures to Maintain Secrecy ........................ 12

    E. Plaintiff Plausibly Alleges Independent Economic Value ............................. 13

  II. BECAUSE THE DTSA CLAIM SURVIVES, SUBJECT-MATTER JURISDICTION
EXISTS .................................................................................................................... 15

  III. DEFENDANTS FAILED TO ESTABLISH ANY BASIS FOR DISMISSAL OF
PLAINTIFF'S STATE LAW CLAIMS. .................................................................... 16

    A. Unfair Competition ..................................................................................... 16

    B. Tortious Interference ................................................................................... 17

    C. Unjust Enrichment ...................................................................................... 18

    D. Civil Conspiracy ......................................................................................... 18

    E. Conversion .................................................................................................. 19

    F. Faithless Servant Doctrine .......................................................................... 19

  IV. IN THE ALTERNATIVE, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND
.................................................................................................................................. 20

CONCLUSION ........................................................................................................ 21

**TABLE OF AUTHORITIES**

**Cases**

A.F.A. Tours, Inc. v. Whitchurch, ...................................................................................11

Abacus Fed. Sav. Bank v. ADT Sec. Servs., Inc., 70 AD.3d 88, 108 (1st Dept 2009) ...............18

Aira Jewels, LLC v. Mondrian Collection, LLC, No. 1:23-CV-04510 (JLR), 2024 WL 1255798, at *4 (S.D.N.Y. Mar. 22, 2024) .................................................................................11

Annis v. County of Westchester, 136 F.3d 239, 246 (2d Cir. 1998) .............................................15

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)..................................................................................5

Ashland Mgt. Inc. v. Janien, 82 N.Y.2d 395, 407 (1993)..............................................................14

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 570 (1955) ...........................................................6

Catalyst Advisors, L.P. v. Catalyst Advisors Invs. Glob. Inc., 602 F. Supp. 3d 663, 672 (S.D.N.Y. 2022)..........................................................................................................8

Cobalt Asset Mgt., L.P. v. Thompson, 88 AD.3d 607, 608 (1st Dept 2011)...............................18

Denney v. Deutsche Bank AG, 443 F.3d 253, 266 (2d Cir. 2006)........................................7, 15

Elsevier Inc. v. Dr. Evidence, LLC, 2018 WL 557906, at *4–5 (S.D.N.Y. Jan. 23, 2018)..........10

ExpertConnect, L.L.C. v. Fowler, 2019 WL 3004161, at *5 (S.D.N.Y. July 10, 2019) .............12

Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006)............6

Iacovacci v. Brevet Holdings, LLC, 437 F. Supp. 3d 367, 380 (S.D.N.Y. 2020) .........................8

Inv. Science, LLC v. Oath Holdings, Inc., 2021 WL 3541152, at *3 (S.D.N.Y. Aug. 11, 2021) .13

Kadant, Inc. v. Seeley Mach., Inc., 244 F. Supp. 2d 19, 36 (N.D.N.Y. 2003) ..............................14

L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 430 (2d Cir. 2011).........................................6

Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008) ...........................................7

Onyx Renewable Partners L.P. v. Kao, No. 22-CV-3720 (RA), 2023 WL 405019, at *2 (S.D.N.Y. Jan. 25, 2023)...............................................................................................9

Rocket Pharms., Inc. v. Lexeo Therapeutics, Inc., No. 23-CV-09000 (PKC), 2024 WL 3835264, at *5 (S.D.N.Y. Aug. 14, 2024) ...................................................................................8

Sapir v. Chetrit Org., Inc., No. 21-CV-01627 (JGK), 2021 WL 4482277, at *7 (S.D.N.Y. Sept. 30, 2021) ...............................................................................................................8

Sierra Club v. Con-Strux, LLC, 911 F.3d 85, 88 (2d Cir. 2018)....................................................6

Staehr v. Hartford Fin. Services Group, Inc., 547 F.3d 406, 425 (2d Cir. 2008) .........................14

Thome v. Alexander & Louisa Calder Found., 70 AD.3d 88, 108 (1st Dept 2009)....................17

Thyroff v. Nationwide Mut. Ins. Co., 8 N.Y.3d 283 (2007)...........................................................19

Zabit v. Brandometry, LLC, 540 F. Supp. 3d 412, 422–23 (S.D.N.Y. 2021) ...............................8

Zirvi v. Flatley, 433 F. Supp. 3d 448, 464-65 (S.D.N.Y. 2020), aff'd, 838 F. Appx 582 (2d Cir. 2020) ........................................................................................................................13


**Statutes**

18 U.S.C. § 1836(b)(1) ...................................................................................................................8

18 U.S.C. § 1839(3) ........................................................................................................................8

28 U.S.C. § 1331 ...........................................................................................................................15


**Rules**

Fed. R. Civ. P. 12(b)(1)...................................................................................................................7

Fed. R. Civ. P. 12(b)(6)...................................................................................................................5

Fed. R. Civ. P. 12(d) .......................................................................................................................7

Fed. R. Civ. P. 15(a) .....................................................................................................................20

## PRELIMINARY STATEMENT

Defendants' Motion to Dismiss should be denied in its entirety because it improperly asks the Court to find subject matter jurisdiction does not exist when there is a federal question presented under the Defendant Trade Secrets Act ("DTSA") and otherwise to resolve disputed issues of fact, credit Defendants' self-serving version of events on a motion to dismiss for failure to state a claim (despite neither sworn statement nor responsive pleading), and disregard Plaintiff's well-pleaded allegations at the pleading stage (the only operative version of the facts). That is not the purpose of a motion under Rule 12(b)(6).

The Complaint alleges a straightforward scheme. Defendants, while employed by Plaintiff and entrusted with access to Plaintiff's confidential information and trade secrets, misappropriated that information as well as those trade secrets, and used same to open a competing hair salon to solicit Plaintiff's customers immediately upon their departure. Plaintiff alleges that the misappropriated information, i.e. customer list, was confidential, provided a competitive advantage, and was used by Defendants beyond the scope of any authorized access and in breach of their duties of loyalty. This is a quintessential trade secret.

Defendants' motion repeatedly substitutes Plaintiff's factual narrative for Defendants, despite the procedural (and factual) pitfalls. This is evident from their "statement of pertinent facts," which includes facts not alleged in the complaint. Defendants assert that the customer information was public, freely accessible, inadequately protected, and incapable of constituting a trade secret. Those assertions raise factual disputes that cannot be resolved on a motion to dismiss. At this stage, Plaintiff is not required to prove that the Book qualifies as a trade secret or that Defendants in fact misappropriated it. Plaintiff need only plausibly allege those facts, as Plaintiff has.

Plaintiff plausibly alleges each element of a claim under the DTSA, including the existence of a trade secret, reasonable measures to maintain its secrecy, independent economic value, and misappropriation through unauthorized post-employment use. Because the DTSA claim is adequately pleaded, as argued below, this Court has subject-matter jurisdiction over the case. Plaintiff also plausibly alleges each of its state law claims, all of which arise from a common nucleus of operative facts. Defendants' misuse of Plaintiff's confidential information to unfairly compete, interfere with Plaintiff's customer relationships, unjustly enrich themselves, and breach their duties of loyalty forms the basis of each claim.

In short, Defendants seek summary judgment relief disguised as a motion to dismiss, except they provide no basis for this Court to consider the facts they allege in their memorandum of law. Their motion is not a legal challenge to the sufficiency of the pleadings, but an improper factual attack on Plaintiff's version of events, which is improper at this stage. Further, Defendants failed to include any declaration setting forth an evidentiary basis for the facts asserted.

Because the Complaint plausibly alleges federal and state law claims, and because factual disputes must be resolved through a motion for summary judgment after the close of discovery rather than on the pleadings, Defendants' Motion should be denied in its entirety as defective because it argues facts not contained within the four corners of the pleadings and on the merits because the complaint plausibly states a claim upon which relief can be granted.

## **LEGAL STANDARD**

### A. Rule 12(b)(6)

On a motion to dismiss for failure to state a claim, the Court must accept all well pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Ashcroft v Iqbal, 556 US 662, 668, (2009). The Court's role at this stage is limited to

assessing whether the complaint plausibly alleged entitlement to relief. Iqbal, 556 US 662, 678 (2009). A complaint satisfies the pleading standard when it contains sufficient factual matter to state a claim for relief that is plausible on its face. Bell Atl. Corp. v Twombly, 550 US 544, 570 (1955). Plausibility does not require detailed factual allegations or proof of the plaintiff's claims. Rather, the complaint must contain enough factual content to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Where the complaint raises a reasonable expectation that discovery will reveal evidence supporting the claim, dismissal is inappropriate. Twombly, 550 U.S. at 556.

In evaluating a motion to dismiss, the Court must disregard legal conclusions given as factual allegations, but it must accept all non-conclusory factual allegations as true. Iqbal, 556 U.S. at 678. Importantly, the Court may not weigh evidence, assess credibility, or resolve disputed issues of fact at the pleading stage. Twombly, 550 U.S. at 556. Where a complaint presents competing factual narratives, the Court must accept the plaintiff's version of events and defer resolution of factual disputes to later stages of the litigation. L-7 Designs, Inc. v Old Navy, LLC, 647 F.3d 419, 430 (2d Cir 2011).

Because Rule 12(b)(6) "assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it," courts may only consider materials beyond the four corners of a pleading in certain limited circumstances. Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 155 (2d Cir. 2006). A pleading is "deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." Sierra Club v. Con-Strux, LLC, 911 F.3d 85, 88 (2d Cir. 2018).

Apart from these circumstances, a court must either exclude extrinsic materials from its consideration or convert the motion to dismiss into a motion for summary judgment and provide the parties with an opportunity to conduct relevant discovery and submit supporting evidence. See Fed. R. Civ. P. 12(d).

As set forth herein, because Defendants include facts that may not be considered because they are not contained in the pleadings nor in any written instrument attached to it as an exhibit, materials incorporated in it by reference, or any documents integral to the complaint.

B. Rule 12(b)(1)

A motion to dismiss for lack of subject matter jurisdiction should be denied where the complaint plausibly alleges a federal claim. At the pleading stage, the plaintiff need only allege facts sufficient to invoke the Court's jurisdiction. Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008). The mere assertion that a federal claim will ultimately fail on the merits does not deprive the Court of jurisdiction at the pleading stage. Denney v. Deutsche Bank AG, 443 F.3d 253, 266 (2d Cir 2006). Where, as here, the complaint plausibly alleges a federal cause of action, the Court has original jurisdiction under 28 USC § 1331. In such circumstances, the Court may also exercise supplemental jurisdiction over related state law claims that arise from the same nucleus of operative facts. 28 USC § 1367. Dismissal for lack of subject matter jurisdiction is therefore inappropriate where the asserted federal claim is adequately pleaded.

## **ARGUMENT**

Each of Defendants' dismissal arguments rests on disputed factual assertions regarding secrecy, access, use, timing, and intent. Aware of the impropriety, Defendants introduced factual allegations in a memorandum of law without any supporting declarations. Because those issues cannot be resolved on the pleadings, Defendants' motion fails in its entirety. Defendants' challenge

to Plaintiff's DTSA claim turns entirely on disputed facts that cannot be resolved at the pleading stage.

## I. PLAINTIFF PLAUSIBLY STATES A CLAIM UNDER THE DEFEND TRADE SECRETS ACT

To state a DTSA claim, a plaintiff must plausibly allege the existence of a trade secret, that the trade secret is related to a product or service used in interstate commerce, and that the trade secret was misappropriated. 18 U.S.C. §§ 1836(b)(1), 1839(3); Iacovacci v. Brevet Holdings, LLC, 437 F Supp 3d 367, 380 (S.D.N.Y. 2020). At the pleading stage, Plaintiff is not required to prove that the information at issue qualifies as a trade secret or that misappropriation in fact occurred. Rather, Plaintiff need only plausibly allege facts supporting those elements.

Obviously, a plaintiff must describe its trade secrets in a categorical fashion to some degree, lest it reveal the very information it seeks to protect. *See Rocket Pharms., Inc. v. Lexeo Therapeutics, Inc.*, No. 23-CV-09000 (PKC), 2024 WL 3835264, at *5 (S.D.N.Y. Aug. 14, 2024) ("[Plaintiff] is not obligated to plead its trade secrets with such specificity that it 'reveals its secrets in the complaint simply to prove that they exist.'") (quoting *Catalyst Advisors, L.P. v. Catalyst Advisors Invs. Glob. Inc.*, 602 F. Supp. 3d 663, 672 (S.D.N.Y. 2022)). Generality proves fatal only where the allegations fail to provide any details sufficient to define the trade secrets at issue, such as bare references to "pricing information" with no specificity as to the applicable products, or a "mere invocation of 'propriet[ar]y formulas and methods' " without an explanation of their purpose or function. *See Sapir*, 2021 WL 4482277, at *7.

Here, Plaintiff defines the trade secrets with sufficient specificity to inform Defendants of what it is alleged to have misappropriated; the customer list. Plaintiff therefore meets its burden to allege the existence of trade secrets at the pleading stage of this case. *See Zabit v. Brandometry, LLC*, 540 F. Supp. 3d 412, 422–23 (S.D.N.Y. 2021) (denying motion to dismiss where the

plaintiffs defined their trade secrets as the "algorithms, proprietary formulas, patterns, methodology, technical information, processes, programs, codes and compilation of information used to develop, and which continue to underlie [certain stock indexes]," despite the court characterizing the allegations as "rather broad and verg[ing] on overly-vague").

Indeed, Plaintiff need not plead every part of the six-factor test used in this Circuit to determine whether information constitutes a trade secret under the DTSA. *See Onyx Renewable Partners L.P. v. Kao*, No. 22-CV-3720 (RA), 2023 WL 405019, at *2 (S.D.N.Y. Jan. 25, 2023). Nor is it proper for the Court to entertain Defendants' factual arguments with respect to those factors, outside of the specificity analysis above. *See id.* ("The question of whether proprietary information qualifies as a trade secret is ordinarily a question of fact not resolvable on a motion to dismiss."). Defendants' remaining arguments likewise carry no weight at this stage.

Accordingly, Defendants' motion to dismiss must be denied on this ground.

Defendants' arguments to the contrary rely on disputed facts and improper inferences drawn in Defendants' favor. Defendants ask the Court to accept their assertions regarding access, secrecy, and the nature of the customer information while disregarding Plaintiff's well pleaded allegations. Such factual disputes cannot be resolved on a motion to dismiss and must instead be resolved in Plaintiff's favor at this stage. Where, as here, the Complaint plausibly alleges the existence of a trade secret and its misappropriation, dismissal under Rule 12(b)(6) is improper.

A. Plaintiff Adequately Identifies the Trade Secret

The Complaint sufficiently identifies the alleged trade secret as a physical customer appointment book containing customer names, contact information, and customer relationships developed over several years. Plaintiff alleges that this information was compiled through

substantial effort and was integral to the operation and success of the business. Such allegations are sufficient at the pleading stage to identify the trade secret at issue.

At this stage, Plaintiff is not required to disclose the precise contents of the trade secret or attach the trade secret itself to the Complaint. Rather, Plaintiff need only provide a description sufficient to place Defendants on notice of what is alleged to have been misappropriated, and its value. Elsevier Inc. v. Dr. Evidence, LLC, 2018 WL 557906, at *4–5 (S.D.N.Y. Jan. 23, 2018); Plaintiff has done so by clearly identifying the customer appointment book and the nature of the confidential information it contains. See ECF 1 ¶¶ 19, 21-22, 24, and 25. Additionally, Plaintiff identified the economic value of the book, see ECF 1 ¶¶ 34, 58. Defendants' demand for greater specificity improperly seeks evidentiary detail that is not required at the motion to dismiss stage.

B. The Customer Book Qualifies as a Trade Secret

Contrary to Defendants' argument, customer lists and customer information are not categorically excluded from trade secret protection. Customer information may qualify as a trade secret where it is developed through substantial effort, is not readily ascertainable, and provides a competitive advantage to the business: "A customer list developed by a business through substantial effort and kept in confidence may be treated as a trade secret and protected at the owner's instance against disclosure to a competitor" N. Atl. Instruments, Inc. v Haber, 188 F3d 38, 44 (2d Cir 1999). Plaintiff alleges that the customer appointment book reflected years of relationship building, repeat business, and curated customer information that was integral to the success of Plaintiff's business and provided Defendants with an unfair competitive advantage. See ECF 1 ¶¶ 49, 59.

Defendants' contention that the customer information was publicly available raises a factual dispute that cannot be resolved on a motion to dismiss. The mere assertion that *some*

customer information *may* be publicly accessible does not preclude trade secret protection where the compilation of that information, together with customer relationships and history, derives independent value from its confidentiality. The primary consideration in determining whether information is protected as a trade secret is whether it is readily ascertainable by the public. Kadant, Inc. v. Seeley Mach., Inc., 244 F. Supp. 2d 19. 36 (N.D.N.Y. 2003). Whether the customer information was readily ascertainable or instead derived its value from confidentiality is a fact intensive inquiry that is generally inappropriate for resolution at the pleading stage. "The question of whether or not a customer list is a trade secret is generally a question of fact." A.F.A. Tours, Inc. v Whitchurch, 937 F2d 82, 89 (2d Cir 1991). Accepting Plaintiff's well pleaded allegations as true, as the Court must at this stage, Plaintiff has plausibly alleged that the Book qualifies as a trade secret.

Plaintiff relies on Aira Jewels, LLC v. Mondrian Collection, LLC in support of his contention that the Book does not qualify as a trade secret. See No. 1:23-CV-04510 (JLR), 2024 WL 1255798, at *4 (S.D.N.Y. Mar. 25, 2024). The court in Aira found that the plaintiff there identifies its trade secrets as simply "customer lists, client contacts, supplier contacts, sales, marketing, and business strategies," such that Plaintiff's description of the trade secrets "is too general to state a DTSA claim." But this case is inapposite to Aira; here, Plaintiff did not identify its trade secrets as simply generalized categories of information. Indeed, Plaintiff specifically identifies a particular document that was kept under lock and key, a far cry from the vague list of information identified by the plaintiff in Aira.

Accordingly, Plaintiff sufficiently identifies a trade secret in the complaint.

C. Misappropriation Is Plausibly Alleged

11

Plaintiff alleges that Defendants accessed the customer appointment book by virtue of their positions of trust and confidence and then used that information beyond the scope of any authorized access. The Complaint further alleges that Defendants misused the information after leaving Plaintiff's employment to open a competing salon and solicit Plaintiff's customers. See ECF 1 ¶¶ 52, 59, 62, These allegations plausibly establish that Defendants acquired and used Plaintiff's trade secrets through improper means and in breach of their duties to Plaintiff.

The fact that Defendants may have had access to the customer information during their employment does not immunize them from liability for misappropriation. Misappropriation under the DTSA includes the unauthorized use of confidential information after the termination of an employment relationship, including use for competitive purposes. ExpertConnect, L.L.C. v. Fowler, 2019 WL 3004161, at 5 (S.D.N.Y. July 10, 2019) (denying motion to dismiss where complaint plausibly alleged that former employees used confidential information obtained during employment for purposes unrelated to their job and to compete after leaving).

Plaintiff further alleges that Defendants' post-employment use of the customer appointment book was undertaken in breach of their fiduciary duties and for the purpose of diverting Plaintiff's customers to a competing business. See ECF 1 ¶¶ 37-44, Such allegations are sufficient at the pleading stage to establish misappropriation under the DTSA. Accepting Plaintiff's well pleaded allegations as true, Plaintiff plausibly alleged that Defendants misappropriated Plaintiff's trade secrets, rendering dismissal inappropriate.

D. Plaintiff Adequately Pleads Reasonable Measures to Maintain Secrecy

The Complaint alleges that Plaintiff took reasonable measures to maintain the secrecy of the customer appointment book, including restricting access to trusted individuals, storing the book in a nonpublic location, and limiting its use to legitimate business purposes. ECF 1 ¶¶ 30-33, 45,

56.    These allegations plausibly establish that Plaintiff undertook efforts to protect the confidentiality of its customer information.

The DTSA requires only that a trade secret be subject to reasonable measures to maintain its secrecy. It does not require perfect secrecy, formal confidentiality agreements, or the most stringent security measures available. Inv. Science, LLC v. Oath Holdings, Inc., 2021 WL 3541152, at *3 (S.D.N.Y. Aug. 11, 2021) Whether the measures employed by a plaintiff are reasonable under the circumstances is a fact intensive inquiry that depends on the nature of the information and the context in which it is used. Zirvi v. Flatley, 433 F. Supp. 3d 448, 464-65 (S.D.N.Y. 2020), aff'd, 838 F. Appx 582 (2d Cir. 2020).

At the pleading stage, Plaintiff is not required to prove that its secrecy measures were sufficient. Plaintiff need only plausibly allege that reasonable steps were taken to protect the confidentiality of the information. It is alleged that the Book was kept under lock and key (ECF 1 ¶ 45) and access was otherwise restricted (ECF 1 ¶¶ 30-33, 56). Accepting the well pleaded allegations in the Complaint as true, Plaintiff has satisfied this requirement. Defendants' attempt to impose heightened pleading requirements improperly seeks to resolve factual issues on a motion for failure to state a claim.

E. Plaintiff Plausibly Alleges Independent Economic Value

Plaintiff alleges that the customer appointment book derived independent economic value from not being generally known, as it enabled Defendants to bypass years of effort and immediately compete by soliciting Plaintiff's customers. The Complaint alleges that Defendants used the information to divert customers and generate competing business. These allegations plausibly establish that the customer information conferred a competitive advantage and therefore possessed independent economic value.

Information has independent economic value where it provides a business with a competitive advantage or allows a competitor to avoid the time and expense required to independently develop the same information. Ashland Mgt. Inc. v. Janien, 82 N.Y.2d 395, 407 (1993).

The fact that certain individual components of the information may be publicly available does not negate economic value where the compilation of information, taken as a whole, derives value from its confidentiality. Kadant, Inc. v. Seeley Mach., Inc., 244 F. Supp 2d 19, 36 (N.D.N.Y. 2003). Notwithstanding, Defendants fail to grasp that the information in the Book does derive independent economic value – this is precisely why Defendants used this information to poach those very same customers. See ECF 1, ¶¶ 18-22, 34, 44.

At the pleading stage, Plaintiff is not required to quantify the economic value of the trade secret or prove damages. Plaintiff need only plausibly allege that the information at issue derived independent economic value from not being generally known. Accepting the well pleaded allegations in the Complaint as true, Plaintiff has satisfied this requirement. Defendants' arguments all revolve around factual issues which cannot be determined at this stage.

F. Any Statute of Limitations Arguments Are Premature

To the extent Defendants argue that Plaintiff's claims are time barred, such arguments depend on factual questions regarding when Plaintiff discovered, or reasonably could have discovered, the alleged misappropriation. The timing of discovery is not apparent on the face of the Complaint. Where a statute of limitations defense depends on facts outside the pleadings or on disputed issues of fact, dismissal at the pleading stage is inappropriate. Staehr v. Hartford Fin. Services Group, Inc., 547 F.3d 406, 425 (2d Cir 2008) At this stage, the Court must accept Plaintiff's allegations as true and draw all reasonable inferences in Plaintiff's favor.

Moreover, the Complaint alleges that Defendants' misappropriation and use of Plaintiff's confidential customer information was ongoing and continued into 2023, including continued solicitation of Plaintiff's customers for the benefit of Defendants' competing business. The "continuing violation exception extends the limitations period for all claims of wrongful acts committed under an ongoing policy of doing so, even if those acts, standing alone, would have been barred by the statute of limitations." Annis v. County of Westchester, 136 F.3d 239, 246 (2d Cir. 1998). Should Plaintiff discover that Defendants' malfeasance extended prior to 2023, Plaintiff reserves the right to amend the Complaint and seek redress acts occurring prior to 2023 as they constitute continuing violations.

Defendants' statute of limitations arguments provide no basis for dismissal. In any event, this action was filed in 2025 for wrongs occurring in 2023 and continuing. Therefore, Defendants' motion must be denied.

## II. BECAUSE THE DTSA CLAIM SURVIVES, SUBJECT-MATTER JURISDICTION EXISTS

Plaintiff's DTSA claim provides an independent basis for federal question jurisdiction under 28 U.S.C. § 1331. Because Plaintiff has plausibly alleged a violation of the DTSA, this Court has subject matter jurisdiction over the action. At the pleading stage, the Court's jurisdiction is established where a federal claim is adequately pleaded, regardless of Defendants' contention that the claim may ultimately fail on the merits. Denney v. Deutsche Bank AG, 443 F.3d 253, 266 (2d Cir 2006)

Plaintiff's state law claims arise from the same nucleus of operative facts as the DTSA claim, namely Defendants' misappropriation of Plaintiff's confidential customer information and use of that information to compete and divert customers. As such, the Court may exercise supplemental jurisdiction over those claims pursuant to 28 USCA § 1367. Where federal and state

claims are so related that they form part of the same case or controversy, dismissal of the state law claims at the pleading stage is improper. *Id.* Accordingly, because Plaintiff plausibly alleged a federal claim and related state law claims, Defendants' motion to dismiss for lack of subject matter jurisdiction should be denied.

## III. DEFENDANTS FAILED TO ESTABLISH ANY BASIS FOR DISMISSAL OF PLAINTIFF'S STATE LAW CLAIMS.

Defendants failed to meaningfully challenge Plaintiff's state law claims. Aside from conclusory assertions that the state law claims "rise or fall" with the DTSA claim, Defendants do not address the elements of Plaintiff's claims for unfair competition, tortious interference, unjust enrichment, civil conspiracy, conversion, or breach of the duty of loyalty. Such perfunctory treatment is insufficient to warrant dismissal.

Where a defendant fails to develop an argument for dismissal of a claim, courts routinely deem the argument abandoned or conceded. "a partial response arguing that summary judgment should be denied as to some claims while not mentioning others may be deemed an abandonment of the unmentioned claims." Jackson v Fed. Exp., 766 F3d 189, 195 (2d Cir 2014). Because Defendants have not articulated any independent basis for dismissing Plaintiff's state law claims, and because those claims arise from the same alleged misconduct underlying the DTSA claim, Defendants' motion provides no grounds for dismissal of the state law claims.

A. Unfair Competition

Plaintiff plausibly alleges a claim for unfair competition based on Defendants' use of misappropriated confidential information to divert Plaintiff's customers and compete unfairly. "To establish a cause of action for relief based on unfair competition, a plaintiff must demonstrate that the defendant wrongfully diverted the plaintiff's business to itself. In the absence of a restrictive covenant, an employee may freely compete with a former employer unless trade secrets are

16

involved or fraudulent methods are employed" *Stuart's, LLC v Edelman*, 196 AD3d 711 (2d Dept 2021).

Here it is sufficiently alleged that Defendants wrongfully diverted business to themselves while employed by Plaintiff. They did so by recording appointments in Paul's book, rather than Plaintiffs, and used that information to open a competing business (ECF 1 ¶¶ 37-42). This act is independent of Defendants misappropriating the information in the Book – this is Defendants' active unlawful competition with their then-current employer (thereby breaching their fiduciary duties as employees) and obtaining information they otherwise would not have. At bottom, Defendants did so by "wrongful means" or, as here, through fraudulent means because they stole the Book, thereby giving rise to an unfair competition claim.

Therefore, Defendants' motion must be denied.

B. Tortious Interference

Plaintiff plausibly alleges existing business relationships with its customers, Defendants' interference with those relationships through unlawful means, and resulting harm. Under New York law, a claim for tortious interference with prospective business relations is adequately pleaded where a defendant interferes with business relationships through wrongful or unlawful means. Thome v. Alexander & Louisa Calder Found., 70 AD.3d 88, 108 (1st Dept 2009).

Here, Plaintiff alleges that Defendants misappropriated confidential customer information and used that information to divert Plaintiff's customers to a competing business. This is alleged throughout the Complaint. See, e.g., ECF 1 ¶¶ 1-3; 36-52; 59; 98-102; 128. Despite Defendants' assertion, "solely" malice is not the standard – unlawful means satisfies this test. The use of misappropriated trade secrets constitutes unlawful means sufficient to support a tortious interference claim. Alternatively, conspiring to open a competing business by breaching the

sanctity of the employer-employee relationship constitutes wrongful or unlawful means as discussed *supra*. Defendants' assertion that they acted out of economic self-interest (which arguably strengthens Plaintiff's faithless servant claim) does not defeat the claim at the pleading stage where, as here, Plaintiff alleges interference accomplished through unlawful conduct.

C. Unjust Enrichment

Plaintiff alleges that Defendants were unjustly enriched by exploiting Plaintiff's confidential customer information to establish a competing business and divert Plaintiff's customers. See ECF 1 ¶¶ 1-3; 36-52; 104-106. These allegations plausibly state a claim for unjust enrichment, as Plaintiff alleges that Defendants benefitted at Plaintiff's expense and that equity and good conscience require restitution.

Plaintiff does not allege the existence of a governing contract covering the subject matter of this dispute; even if Plaintiff had, unjust enrichment may be pled in the alternative at the pleading stage Ingham ex rel. Cobalt Asset Mgt., L.P. v. Thompson, 88 AD3d 607, 608 (1st Dept 2011). Accordingly, Defendants' motion to dismiss the unjust enrichment claim should be denied.

D. Civil Conspiracy

Plaintiff alleges an agreement among Defendants to misappropriate Plaintiff's confidential customer information, overt acts taken in furtherance of that agreement, intentional participation by each Defendant, and resulting damages. These allegations are sufficient to state a claim for civil conspiracy.

Under New York law, civil conspiracy is not an independent cause of action but may be pleaded to connect the actions of multiple defendants where an underlying tort is adequately alleged. Abacus Fed. Sav. Bank v. Lim, 75 A.D.3d 472, 474 (1st Dept 2010). Because Plaintiff

has plausibly alleged underlying torts, including trade secret misappropriation and unfair competition, the civil conspiracy claim survives at the pleading stage.

E. Conversion

Plaintiff alleges that Defendants exercised unauthorized dominion and control over Plaintiff's confidential customer information and trade secrets by taking and using that information for their own competitive purposes. See ECF 1 ¶¶ 36-52; 117-123. These allegations are sufficient to state a claim for conversion.

Under New York law, a conversion claim may be based on intangible property, including confidential business information and electronic data, where a defendant wrongfully exercises control over property belonging to another. Thyroff v. Nationwide Mut. Ins. Co., 8 N.Y.3d 283, 292-93 (2007). Accepting Plaintiff's allegations as true, Plaintiff has plausibly alleged that Defendants wrongfully converted its confidential information, rendering dismissal inappropriate at the pleading stage.

F. Faithless Servant Doctrine

Plaintiff alleges that Defendants breached their duty of loyalty by diverting Plaintiff's customers, misusing Plaintiff's confidential customer information, and acting in furtherance of a competing enterprise while still employed by Plaintiff. See ECF 1 ¶¶ 36-52; . These allegations fall squarely within the scope of the faithless servant doctrine.

Under New York law, an employee who owes a duty of loyalty to an employer and acts disloyally in the performance of employment duties is not entitled to compensation for the period of disloyalty. Panos v Mid Hudson Med. Group, P.C., 204 AD3d 1016, 1017 (2d Dept 2022). Allegations that employees misappropriated confidential information and diverted customers to benefit a competing business are sufficient to state a claim under the faithless servant doctrine at

the pleading stage. Accordingly, Defendants' motion to dismiss the faithless servant claim should be denied.

## IV. IN THE ALTERNATIVE, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND

Even if the Court were to find any deficiency in the Complaint, which Plaintiff does not concede, dismissal should be without prejudice and with leave to amend. Rule 15 creates a strong presumption in favor of amendment, and courts in the Second Circuit repeatedly emphasize that leave should be "freely given" at the pleading stage. Fed. R. Civ. P. 15(a)(2). This is especially true on a first motion to dismiss, where no discovery has taken place and any issue can easily be clarified through amendment.

The Second Circuit has routinely upheld this point. In Loreley Fin. (Jersey) No. 3 Ltd. v Wells Fargo Sec., LLC, the court held that plaintiffs must be given a meaningful opportunity to amend before their claims are dismissed with prejudice. 797 F3d 160, 190 (2d Cir 2015). The court emphasized that refusing to allow amendment at the very start of a proceeding contradicts the purpose of Rule 15.

The court has long held that a plaintiff should receive at least one opportunity to cure any perceived pleading deficiency unless amendment would be futile. In Porat v Lincoln Towers Community Ass'n, 464 F3d 274, 276 (2d Cir 2006), the court reversed dismissal with prejudice and reiterated that early-stage pleadings should be amended rather than terminated where clarification is possible. Similarly, in Pasternack v Shrader, 863 F3d 162, 174 (2d Cir 2017) the court reaffirmed that leave to amend should be granted absent a showing of futility, bad faith, undue delay, or prejudice. None of those circumstances exists here. The case is at its outset, there has been no delay, and Defendants cannot plausibly claim prejudice from a routine amendment at the pleading stage.

If the Court were to seek greater specificity regarding secrecy measures, access, use, or harm, those matters can easily be clarified through amendment. This case is in its earliest procedural posture. No discovery has occurred, no prior amendments have been made, and any refinement the Court might request can readily be provided. Because amendment would not be futile or prejudicial, even if the Court identifies any deficiency in the Complaint, the proper course is to grant leave to amend rather than dismiss the action with prejudice.

## CONCLUSION

Defendants' Motion to Dismiss improperly seeks to resolve factual disputes and weigh evidence at the pleading stage, which is not permitted under Rule 12(b). Accepting Plaintiff's well pleaded allegations as true, as the Court must, Plaintiff has plausibly alleged each of its claims, including a claim under the Defend Trade Secrets Act that provides an independent basis for federal question jurisdiction. Plaintiff has also adequately pleaded related state law claims arising from the same nucleus of operative facts.

Because Defendants' arguments rest on disputed facts and premature merits determinations, dismissal is inappropriate at this stage of the litigation. And even if the Court were to identify any pleading deficiency, which Plaintiff does not concede, the proper remedy would be to grant leave to amend rather than dismiss the action with prejudice. For these reasons, Defendants' Motion to Dismiss should be denied in its entirety.

Dated: Queens, New York
        February 12, 2026

                                        Respectfully submitted,

                                        **SAGE LEGAL LLC**

                                         _/s/ Emanuel Kataev, Esq.__
                                        Emanuel Kataev, Esq.
                                        18211 Jamaica Avenue
                                        Jamaica, NY 11423-2327

(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

**KUSHMAKOV LAW, P.C.**

_/s/ Eduard Kushmakov, Esq._
Eduard Kushmakov, Esq.
7150 Austin Street, Suite 205
Forest Hills, NY 11375
(646) 694-0248 (office)
eduard@kushmakovlaw.com

## **WORD COUNT CERTIFICATION**

Pursuant to EDNY Local Rule 7.1(c), I hereby certify that the total number of words in this memorandum of law, exclusive of the caption, table of contents, table of authorities, and signature block, is 5,223, thereby complying with the word-count limitations set forth therein.  In preparing this certification, I have relied on the word count of the word-processing system used to prepare this document.

Dated: Queens, New York
      February 12, 2026                     _/s/ Eduard Kushmakov_____
                                         Eduard Kushmakov, Esq.