UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

                                                                   :

**PROSPECT HAIR, LLC**,

                                                                   :

                                                                   :

                              Plaintiff,            :   **MEMORANDUM DECISION AND ORDER**

                                                                   :

            – against –                             :   25-CV-1884 (AMD) (LKE)

                                                                   :

**HAIRCRAFT BY PAUL AND BEN INC., NG YUK-PO, TAIHUI SHIB,** and **SARAH YUK MEI NG**,

                                                                   :

                                                                   :

                              Defendants.            :

                                                                   :

------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

The plaintiff brings this case against Haircraft by Paul and Ben Inc., Ng Yuk-Po ("Paul"), Taihui Shib ("Ben"), and Sarah Yuk Mei Ng ("Sara") for violations of the Defend Trade Secrets Act, 18 U.S.C. § 1836 ("DTSA"), and New York common law.  Before the Court is the defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  For the reasons that follow, the Court grants the motion to dismiss the plaintiff's federal claim and declines to exercise jurisdiction over its state law claims.

---

[1] The defendants also move to dismiss the complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  (ECF No. 21-1 at 7–8.)  They argue that "[s]ince Plaintiff does not have a legally sufficient claim under the DTSA, this Court does not have subject matter jurisdiction over this matter."  (*Id.* at 10.)  The Court treats the motion as arising under Rule 12(b)(6).  *See Intrepid Fin. Partners, LLC v. Fernandez*, No. 20-CV-9779, 2020 WL 7774478, at *2 (S.D.N.Y. Dec. 30, 2020) ("Because failure to state a viable federal claim would also point to dismissal of the state law contract claims pursuant to 28 U.S.C. section 1367(c) and it is at best questionable that the statutory elements of a DTSA claim are jurisdictional, the Court will address the motion as one under Rule 12(b)(6) to the extent it is directed to the DTSA claim.").

1

**BACKGROUND**

The plaintiff is a hair salon in Brooklyn founded by Johnny Ilyaich.  (ECF No. 1 ¶¶ 4, 16.)  Ilyaich built Prospect Hair's customer list through his "long-lasting relationships, friendships, and business model."  (*Id.* ¶ 19.)  The customer list was "kept in a physical book" that recorded customers' names and contact information.  (*Id.* ¶¶ 23–24.)  Whenever a customer walked into the hair salon or made an appointment, an employee recorded the customer's information in the book.  (*Id.* ¶ 25.)

In 2017, Paul joined Prospect Hair as a "manager and barber."  (*Id.* ¶ 27.)  "[S]hortly thereafter," Ben and Sara joined Prospect Hair as barbers.  (*Id.* ¶ 30.)  Paul had access to the book with the salon's customers' information, but it was otherwise "hidden" and stored "behind the register which is inaccessible to the public."  (*Id.* ¶¶ 26, 32.)  The plaintiff alleges that from 2017 to 2023, Paul "accepted walk-ins and placed them into his own book rather than Prospect Hair's book."  (*Id.* ¶ 37.)  Around January 1, 2023, Paul, Ben, and Sara left Prospect Hair to start their own hair salon, Haircraft by Paul and Ben Inc.  (*Id.* ¶¶ 39, 41.)  On approximately January 8, 2023, Paul, Ben, and Sarah texted Prospect Hair's customers to tell them that Haircraft by Paul and Ben was open for business.  (*Id.* ¶ 42.)  The plaintiff claims that Paul took these customers' contact information from Prospect Hair's book of clients.  (*Id.* ¶ 43.)

The plaintiff brought this action on April 6, 2025 against Haircraft by Paul and Ben Inc., Paul, Ben, and Sara for violating the DTSA.  (ECF No. 1.)  The plaintiff also brings state law claims for misappropriation of trade secrets; unfair competition; tortious interference with contractual relations, business relations, and prospective economic advantage; unjust enrichment; civil conspiracy; conversion; and violation of the faithless servant doctrine.  (*Id.*)  It seeks compensatory damages, injunctive and equitable relief, an order compelling the defendants to return "all of Prospect Hair's confidential and proprietary information" and "[p]ermanently

2

shuttering Haircraft and prohibiting the individual defendants or their agents from engaging in any similar business," punitive and exemplary damages, interest, attorneys' fees and costs, and "[s]uch other and further relief as this Court deems just, equitable, and proper." (*Id.* at 17–18.) On January 12, 2026, the defendants moved to dismiss the complaint. (ECF No. 21-1.)

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings are construed in the light most favorable to the plaintiff. *See Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

## DISCUSSION

### I. Defend Trade Secrets Act Claim

"To state a claim for trade secret misappropriation under the DTSA, a plaintiff must plausibly allege that (1) it possessed a trade secret, and (2) the defendant misappropriated the trade secret." *Medidata Sols., Inc., v. Veeva Sys. Inc.*, No. 17-CV-589, 2018 WL 6173349, at *3 (S.D.N.Y. Nov. 26, 2018). "The DTSA defines 'trade secret[s]' to include 'all forms and types of . . . business . . . information' if (1) 'the owner thereof has taken reasonable measures to keep such information secret' and (2) 'the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the

3

information.'" *TRB Acquisitions LLC v. Yedid*, No. 20-CV-552, 2021 WL 293122, at *2 (S.D.N.Y. Jan. 28, 2021) (quoting 18 U.S.C. § 1839(3)).[2]

As a threshold matter, "[t]he plaintiff must identify a purported trade secrets [sic] with sufficient specificity to place a defendant on notice of the bases for the claims against it and for a court to assess whether a trade secret has been plausibly alleged." *Rocket Pharms., Inc. v. Lexeo Therapeutics, Inc.*, No. 23-CV-9000, 2024 WL 3835264, at *4 (S.D.N.Y. Aug. 14, 2024). The defendants argue that the plaintiff has not pled the purported trade secret with sufficient specificity because they "do not have any notice of what trade secret or secret customer list is at issue that they have alleged to have stollen [sic]," and "[t]he Complaint does not identify any specific customer whose information Plaintiffs claim that Defendants misappropriated or give any indication of the number of customers whose information was allegedly misappropriated." (ECF No. 21-1 at 13–14.)

The complaint identifies the purported trade secrets as "the identity of all of [the plaintiff's] customers, their contact information, and all details related to customers, including *inter alia*, the information in the Book." (ECF No. 1 ¶ 55.) "While a trade secret claimant need not disclose every detail of an alleged trade secret in a complaint, the pleading standard set forth in *Twombly* and *Iqbal* requires that the complaint allege facts sufficient to identify the information for which protection is claimed and sufficient information about its nature, value, and measures taken to safeguard it to support an inference that the information qualifies as a trade secret." *Intrepid Fin. Partners, LLC v. Fernandez*, No. 20-CV-9779, 2020 WL 7774478, at

---

[2] The elements of a misappropriation of trade secrets claim under New York state law are the same as the elements of a claim under the DTSA; therefore, the Court relies on cases discussing misappropriation under New York law to assess the plaintiff's DTSA claim. *See Iacovacci v. Brevet Holdings, LLC*, 437 F. Supp. 3d 367, 380 (S.D.N.Y. 2020).

*4 (S.D.N.Y. Dec. 30, 2020) (citation modified).  The plaintiff claims that "[t]he customer list that was created and used by Prospect Hair is confidential and proprietary, and took great costs and efforts to create."  (ECF No. 1 ¶ 21.)  It also alleges that its "carefully curated customer preferences and customer relations are vital to its business," but does not allege that these customer preferences were recorded in the customer list.  (*Id.* ¶ 22.)  According to the plaintiff, the customer list "derives independent economic value from not being generally known to, and not being readily ascertainable through proper means from others who could otherwise obtain economic value from the disclosure or use of the information."  (*Id.* ¶ 34.)

Other courts in this circuit have dismissed complaints that "merely reference[] categories of information concerning [the plaintiff's] clients and ordinary business operations, and conclusorily allege[] that such information is not readily available and affords [the plaintiff] economic value such that it should be deemed a trade secret." *Fernandez*, 2020 WL 7774478, at *4.  Therefore, a complaint that pleads a DTSA claim based on "lists of confidential information containing allegedly unique client information" should be dismissed if the plaintiff "does not plead any specific facts demonstrating that [the plaintiff] has such unique customer preference information or has specialized knowledge of customers' operations or needs that is organized or used in a way that is unique to [the plaintiff]." *Id.*  The complaint makes only "[g]eneral allegations regarding 'confidential information' and 'processes,'" which "simply do not give rise to a plausible trade secrets claim." *Elsevier Inc. v. Dr. Evidence, LLC*, No. 17-CV-5540, 2018 WL 557906, at *6 (S.D.N.Y. Jan. 23, 2018).

The DTSA claim also must be dismissed because the customer list does not meet the definition of a trade secret.  Customer lists can qualify as trade secrets under the DTSA, but "whether a customer list constitutes a trade secret lies in whether the customers are readily

5

ascertainable outside the employer's business as prospective users or consumers of the employer's services or products, or, by contrast, the customers are not known in the trade or are discoverable only by extraordinary efforts and the customers' patronage had been secured by years of effort and advertising effected by the expenditure of substantial time and money." *24 Seven, LLC v. Martinez*, No. 19-CV-7320, 2021 WL 276654, at *7 (S.D.N.Y. Jan. 26, 2021) (citation modified).  In other words, "[a] customer contact list that required substantial time, effort and money to compile may be deemed a trade secret where it contains information that is not readily available, for example where such a list contains individual customer preferences, reflects a specialized knowledge of the customer's operations and needs, or contains information 'which could only be achieved through personal solicitation.'" *Fernandez*, 2020 WL 7774478, at *3 (S.D.N.Y. Dec. 30, 2020) (quoting *N. Atl. Instruments, Inc. v. Haber*, 188 F.3d 38, 46 (2d Cir. 1999)).  The plaintiff asserts that the salon's owner built the customer list "through their long-lasting relationships, friendships, and business model," that these relationships "took years to build," and "took great costs and efforts to create."  (ECF No. 1 ¶¶ 19–21.)  However, the complaint is devoid of any facts to support that the customers on the list "are not readily ascertainable," or that their "patronage has been secured only through the expenditure of considerable time and money." *Haber*, 188 F.3d at 47.

A customer list is also more likely to qualify as a trade secret where it "represents the list owner's work to create a market for a new service or good." *Art & Cook, Inc. v. Haber*, 416 F. Supp. 3d 191, 195 (E.D.N.Y. 2017).  The plaintiff is a hair salon that "provid[es] excellent customer service, skilled barbers, and careful attention to the art of cutting and styling hair." (ECF No. 1 ¶¶ 16, 17.)  The plaintiff does not allege that the salon's owner was creating a market for any new hair or salon services.  Further, as explained above, it is not clear from the complaint

that the customer list included any information about customers' preferences; the complaint states that the customer list only "contained customer names and contact information." (ECF No. 1 ¶ 24.) The bottom line is that the facts alleged in the complaint do not establish that the customer list contained information that was "not readily available." *Fernandez*, 2020 WL 7774478, at *3. Therefore, it does not qualify as trade secret under the DTSA.

Even if the plaintiff's customer list was a trade secret, the plaintiff's DTSA claim fails because it has not alleged that it took reasonable measures to keep the customer list secret. The DTSA does not define "reasonable measures," but "[g]enerally, such measures can include 'the use of confidentiality agreements, password-protection, sharing information with employees only on a need-to-know basis, emphasizing the need to keep the information confidential in an employee handbook, and frequently reminding employees of the need to maintain confidentiality.'" *Inv. Sci., LLC v. Oath Holdings Inc.*, No. 20-CV-8159, 2021 WL 3541152, at *3 (S.D.N.Y. Aug. 11, 2021) (quoting *Ad Lightning Inc. v. Clean.io, Inc.*, No. 19-CV-7367, 2020 WL 4570047, at *3 (S.D.N.Y. Aug. 7, 2020)); *see also Rodney v. United Masters*, No. 21-CV-5872, 2023 WL 2184865, at *5 (E.D.N.Y. Feb. 10, 2023) ("Most courts in this Circuit look to contractual confidentiality agreements or physical security measures when determining whether a party took reasonable measures to keep information secret." (citation omitted)).

The plaintiff alleges in the complaint that the customer list, which was maintained in a book, "was stored in the hair salon behind the register which is inaccessible to the public," that "[o]nly Johnny had access to the Book, which was hidden," and that the book was "kept under lock and key." (ECF No. 1 ¶¶ 26, 31, 45.) The complaint also states, however, that one of the defendants was given access to the book "based on his position at Prospect Hair, by virtue of which he was held to a high level of trust and confidence with its trade secrets." (*Id.* ¶ 32.) The

7

plaintiff does not allege that any of the defendants signed confidentiality agreements or were even aware of the confidential nature of the customer list.  The complaint includes only boilerplate assertions that the plaintiff "restrict[ed] access to only those who are in managerial positions and who are required to maintain confidentiality of the documents."  (*Id.* ¶ 33.)  Under these circumstances, the complaint cannot withstand a motion to dismiss.  *See Negative, Inc. v. McNamara*, 770 F. Supp. 3d 472, 481 (E.D.N.Y. 2025) (explaining that "courts in this Circuit have consistently held that even simply informing an employee that information should be kept secret — which [the plaintiff] has not pled here — is not a sufficient 'reasonable measure' to keep information secret" and collecting cases); *see also Pauwels v. Deloitte LLP*, 83 F.4th 171, 182–83 (2d Cir. 2023).[3]  Accordingly, the plaintiff's DTSA claim is dismissed.

## II.    State Law Claims

"[A] district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'"  *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)).  The Court dismisses the federal claim over which it has original jurisdiction, and declines to exercise supplemental jurisdiction over the plaintiff's remaining state law claims: misappropriation of trade secrets; unfair competition; tortious interference with contractual relations, business relations, and prospective economic advantage; unjust enrichment; civil conspiracy; conversion; and violation of the faithless servant doctrine.  *See id.* at 123 ("Plaintiffs' federal-law claims were eliminated on a

---

[3] The Second Circuit has held that "[t]he question of whether or not a customer list is a trade secret is generally a question of fact."  *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 89 (2d Cir. 1991). Nonetheless, at the motion to dismiss stage, courts in this district have dismissed complaints — like this one — that do not plausibly or adequately allege that a customer list is a trade secret under the DTSA. *See, e.g.*, *AutoExpo Ent. Inc. v. Elyahou*, No. 23-CV-9249, 2025 WL 2637493, at *12–14 (E.D.N.Y. Sept. 12, 2025).

8

motion to dismiss, prior to the investment of significant judicial resources, and we can discern no extraordinary inconvenience or inequity occasioned by permitting the claims to be refiled in state court where they will be afforded a surer-footed reading of applicable law." (citation omitted)).[4] Given the early stage of the case, the Court dismisses these claims without prejudice to refile them in state court.  *See* 28 U.S.C. § 1367(c)(3); *TRB Acquisitions LLC v. Yedid*, No. 20-CV-552, 2021 WL 293122, at *2 (S.D.N.Y. Jan. 28, 2021).

### III.    Leave to Amend

The plaintiff argues that "if the Court were to find any deficiency in the Complaint . . . dismissal should be without prejudice and with leave to amend."  (ECF No. 22 at 20.)  Under Federal Rule of Civil Procedure 15, "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "when a plaintiff 'does not advise the district court how the complaint's defects would be cured,'" denying leave to amend is "not an abuse of discretion."  *Altayyar v. Etsy, Inc.*, 731 F. App'x 35, 38 n.4 (2d Cir. 2018) (summary order) (quoting *Porat v. Lincoln Towers Cmty. Assoc.*, 464 F.3d 274, 276 (2d Cir. 2006)).  That is particularly true when a plaintiff "request[s] leave to amend in a cursory manner without any explanation for how they would be able to cure the complaint's defects."  *Id.*; *see also Doe v. Syracuse Univ.*, No. 22-2674, 2023 WL 7391653, at *3 (2d Cir. Nov. 8, 2023) ("It is within the court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss." (quoting *Powell v. Ocwen Loan Servicing, LLC*, 840 F. App'x 610, 614 (2d Cir. 2020))).

---

[4] Because the Court dismisses the plaintiff's federal claim and declines to exercise jurisdiction over its state law claims, the Court does not address the defendants' additional argument regarding the statute of limitations.  (*See* ECF No. 21-1 at 22–23.)

The plaintiff has not explained how it would amend the complaint, or how any proposed amendments would cure the complaint's defects.  It simply says that "[i]f the Court were to seek greater specificity regarding secrecy measures, access, use, or harm, those matters can easily be clarified through amendment."  (ECF No. 22 at 21.)  Further, the plaintiff had the opportunity to seek leave to amend after the parties exchanged pre-motion conference letters, which it did not do.  *See Solomon v. Flipps Media, Inc.*, 136 F.4th 41, 55–56 (2d Cir.), *cert. denied*, 146 S. Ct. 885, 223 (2025).  Accordingly, the Court denies the plaintiff leave to amend.

### CONCLUSION

For these reasons, the defendants' motion to dismiss the plaintiff's federal DTSA claim is granted, and that claim is dismissed with prejudice.  The Court declines to exercise jurisdiction over the plaintiff's remaining state law claims, and dismisses those claims without prejudice to refile them in state court.  The Clerk of Court is respectfully directed to enter judgment consistent with this order and to close this case.

**SO ORDERED.**

       s/Ann M. Donnelly
       ANN M. DONNELLY
       United States District Judge

Dated: Brooklyn, New York
      May 26, 2026